### LAKE v. SWEET.

*(Supreme Court, General Term, Fifth Department.* April 13, 1892.)

1. COUNTY COURTS—JURISDICTION—NATURE OF ACTION.

     A complaint alleged that plaintiff "let and rented to defendant, for the term of one year, the farm of plaintiff, together with the stock, tools, and implements then on said farm, and owned by plaintiff, in consideration of which letting and renting defendant agreed to pay over to plaintiff one-half of all the crops raised on the farm during said term, one-half of all the increase of the stock thereon, and one-half of the milk of the cows, or the proceeds thereof, and at the expiration of said term to leave on said farm 10 acres of wheat sown;" that "defendant failed to pay over to plaintiff one-half of the crops, of the increase of stock, and of the milk, or the proceeds thereof, and converted the same, and proceeds thereof, to his own use, and has refused to pay over the same to plaintiff, or any portion thereof;" and that "defendant failed to sow, and leave on said farm sown, ten acres of wheat, as agreed." *Held,* that the complaint stated a cause of action, not in equity for an accounting, but at law for the recovery of rent, and that, therefore, the county court had jurisdiction of the subject-matter of the action. *Taylor* v. *Bradley,* 39 N. Y. 129, distinguished.

2. APPEAL—REFUSAL TO ALLOW AMENDMENT.

     The refusal of a court to allow an amendment, solely on the ground of want of power, is reviewable on appeal.

Appeal from Monroe county court.

Action by Noah Lake against Henry Sweet. From a judgment dismissing the complaint for want of jurisdiction of the subject-matter of the action, and from an order denying a motion to amend the complaint for want of power, plaintiff appeals. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*C. C. Davy,* for appellant. *P. Chamberlain, Jr.,* for respondent.

MACOMBER, J. When this action, which was brought in the county court of Monroe county, came on for trial, and after the impaneling of a jury, a motion was made in behalf of the defendant to dismiss the complaint upon the ground that the court had not jurisdiction of the subject-matter of the action. In connection with this motion, the plaintiff's counsel made an application to the court for leave to amend his complaint in certain particulars. After consideration, the court granted the defendant's motion to dismiss the complaint, upon the ground that it had not jurisdiction of the subject-matter of the action, and denied the plaintiff's motion to amend his complaint, upon the ground that it had no power to make the amendment asked for. The argument of the counsel for the defendant, and the position taken in the decision by the county judge, is that the trial of the action would necessarily involve an accounting between the parties, and that the county court has not jurisdiction of such an action, under section 340, Code Civil Proc. Undoubtedly equitable relief, except in special cases where jurisdiction thereof is conferred upon the county court, is not cognizable by that tribunal; and hence if this action were, in reality, an action in equity requiring an accounting between the parties before a judgment could be pronounced, the decision appealed from would be correct. We, however, incline to the opinion that the action is not of an equitable nature, but is in reality one at law, and that it was error for the county court to dismiss the complaint. After alleging that the defendant was a resident of the county of Monroe, the complaint proceeds as follows: "That in or about the month of March, 1884, he [the plaintiff] let and rented to defendant, for the term of one year from the first day of April, the farm of the plaintiff, in the town of Henrietta, Monroe county, N. Y., consisting of about one hundred and thirty-seven acres, known as the

' Lake Farm,' together with the stock, among which were four horses, eighteen cows, and five hogs, and the tools and implements then on said farm, and owned by the plaintiff, in consideration of which letting and renting the said defendant agreed to pay over and deliver to plaintiff the one-half of all the crops raised on said farm during said term, the one-half of all the increase of the stock thereon, and the one-half of the milk of said cows, or the proceeds. thereof, and that at the expiration of said term to leave upon said farm ten acres of wheat sown and in the ground; and this plaintiff further alleges that said defendant entered into possession of said premises under said agreement, and occupied said premises during said term." Thence follow allegations of the several quantities of produce raised, their values, and the increase of the stock and its value, and the quantity of milk obtained and its value. The complaint then proceeds as follows: "And plaintiff further alleges that the defendant wholly failed and neglected to pay over and deliver to plaintiff the one-half of said crops of said farm, the one-half of the increase from said stock, and the one-half of the milk from said cows, or the proceeds thereof, and converted the same, and proceeds thereof, to his own use, and has ever since refused to pay over or deliver the same to plaintiff, or any portion thereof, although plaintiff has duly demanded the portion thereof agreed to be delivered over and paid to him." "And this plaintiff further alleges that, at the expiration of said term, said defendant wholly failed and neglected to sow, and leave upon said farm sown, and in the ground, any portion of said ten acres of wheat, as agreed, to plaintiff's damage in the sum of $75.00." This is followed by an allegation that the whole damage sustained by the plaintiff was $1,000. The prayer of the complaint is for a judgment that the defendant account to the plaintiff for the crops, etc., and that plaintiff have judgment for the value of one-half of the crops, etc., "together with seventy-five dollars damages for said failure to sow, and leave sown, and in the ground, on said farm, said ten acres of wheat."

These averments in the complaint, it appears, were made by counsel under such information as he could obtain of the transaction between the parties. without the aid of the written agreement which existed between the parties. This sufficiently appears in the opinion of the county judge, where it is, in substance, stated that on the argument the lease itself was handed up to the court on the application to amend the complaint. We are of the opinion that, under this complaint, the conventional relation of landlord and tenant existed between the plaintiff and defendant, although there are doubtless some insufficiencies in the averments as a complaint upon a demand for rent reserved in a lease. As we construe them, the defendant took the absolute possession of the farm, and of such stock as is above mentioned, to the entire exclusion of the plaintiff from the possession of either the land or the stock. In this respect the case pointedly differs from the decision relied upon, namely, *Taylor* v. *Bradley*, 39 N. Y. 129. In that case the proceeds of the farm, over and above the keeping of the stock thereon and the use of certain specified articles. in the plaintiff's family, were, by agreement, to be divided between the respective parties equally, share and share alike, both as to the expenses and profits arising from said farm. In this respect, also, the case before us is. materially different from the one cited. If we understand these averments. correctly, the division of the property was to be a payment to the owner of the farm, not as property held in common with the lessee, but as rent reserved to him as landlord, payable to him by his tenant, who had taken exclusive possession of the property. It was but a mode of payment; hence the right of the plaintiff in this action is essentially different in kind from that possessed by the owner of the land which was tilled in the case of *Taylor* v. *Bradley, supra.* There the main thing decided was that, in the particular agreement then before the court, the relation of landlord and tenant was not created, but that it was an agreement for work and labor, the legal posses-

sion of the farm, being still in the owner. But here the averment in the complaint is that the plaintiff "let and rented to the defendant, for the term of one year," the farm, etc. In the absence of evidence, and without other allegation of fact to the contrary, this averment must be deemed controlling for the purposes of the motion to dismiss the complaint. It is true that the relief asked is in part for an accounting. But this is no essential part of the complaint. The plaintiff was required only to state the facts, and, if from such facts a sufficient cause of action appeared, the complaint ought not to have been dismissed simply because the legal effect of such facts is not stated, or because the proper form of relief was not demanded. *Hemingway* v. *Poucher*, 98 N. Y. 281. Where an answer is interposed, the court will grant the judgment which will be consistent with the case made by the complaint, and embraced within the issues, irrespective of the relief demanded. *Bell* v. *Merrifield*, 109 N. Y. 202, 16 N. E. Rep. 55. Imperfect or informal averments in a pleading, and indefiniteness therein, or an argumentative statement thereof, is not sufficient ground for dismissing the complaint. *Milliken* v. *Telegraph Co.*, 110 N. Y. 403, 18 N. E. Rep. 251. For these reasons we think that the complaint has the substance of an action at law for a recovery for rent reserved in the lease. Though necessarily covered by the foregoing views, it may be well to state that, in any event, there was a cause of action at law properly averred for the sum of $75 for a breach of the contract to sow, and leave upon the ground, 10 acres of wheat. This allegation alone would preclude a dismissal of the complaint, without opportunity to offer evidence in support thereof.

The ground upon which the plaintiff's motion to amend the complaint was denied is stated in the order to be that the court had not power to grant the motion. The learned county judge states, in his opinion, that the lease itself, which was handed up as a part of the application, showed that the pleader who drew the complaint must have been ignorant of the contents of that paper at the time of framing that pleading. It is stated in the opinion that such agreement does not provide for a division of the products of the farm, but that the party of the second part shall market all the products, and give one-half of the proceeds arising from such sales to the party of the first part at the time of such sales; and the county judge says therein that such instrument constituted between the parties the technical relation of landlord and tenant, and did not make the parties tenants in common of the crops. We have not in the appeal-book the benefit of a perusal of this lease. But, judging from the tenor of it, as briefly referred to by the county judge, it confirms the general idea which we had found to exist in the mind of the pleader in the complaint as actual written. Nevertheless we think that, in view of the liberality with which courts are accustomed to grant amendments to pleadings, where such amendments do not create any new action or defense, but are in furtherance of the averments already existing in the pleadings, the application of the plaintiff's counsel should have been granted, or, at least, should have been entertained by the court. If, as a matter of discretion, the court had refused to make such an amendment, we should not undertake to review the exercise of such discretion; but the decision being placed solely upon the ground of want of power to make the order applied for, the error is one not arising from the improper exercise of discretion, but rather from an erroneous decision upon a question of law, and hence is reviewable by this court. For the foregoing reasons we think the judgment appealed from should be reversed, and the application to amend the complaint should have been entertained upon its merits by the county court.

Judgment and order appealed from reversed, and a new trial granted in the county court, with costs to abide the event. All concur.