THE PRUDENCE COMPANY, INC., Plaintiff, *v.* 160 WEST SEVENTY-THIRD STREET CORPORATION et al., Respondents; ARTHUR W. SMITH, as Receiver, Appellant.

(Argued October 5, 1932; decided November 22, 1932.)

*Henry Hetkin, Alexander Rubin, Alfred H. Hetkin* and *Lynn G. Goodnough* for appellant. Courts of equity in the exercise of their judicial discretion, in a mortgage foreclosure action, may appoint a receiver to preserve the mortgage security and require the owner and persons in possession holding subordinate interests to pay the fair and reasonable rental value for the use of the premises. (*Howell* v. *Ripley*, 10 Paige Ch. 43; *Syracuse City Bank* v. *Tallman*, 31 Barb. 201; *Sullivan* v. *Rosson*, 223 N. Y. 217; *Berney* v. *Sewell*, 1 J. & W. 647; *Hollenbeck* v. *Donnell*, 94 N. Y. 342; *Ranney* v. *Peyser*, 83 N. Y. 1; *Reed* v. *Middleton*, 1 Turn. & Russ. 455; *Randfield* v. *Randfield*, 7 Weekly Rep. 651; *Astor* v. *Turner*, 2 Barb. 444; *Mutual Life Ins. Co.* v. *Spicer*, 12 Hun, 117; *Fletcher* v. *McKeon*, 71 App. Div. 278; *Derby* v. *Brandt*, 99 App. Div. 257; *Home Life Ins. Co.* v. *O'Sullivan*, 151 App. Div. 535; *Olive* v. *Levy*, 201 App. Div. 262; *Public Bank of New York* v. *London*, 159 App. Div. 484; *Sager* v. *Rebdor Realty Corp.*, 230 App. Div. 106; *Monro-King & Gremmels Realty Corp.* v. *9 Avenue-31 Street Corp.*, 233 App. Div. 401.) The power of the court to fix fair and reasonable

rental values where a lease is subordinate to the mortgage should not be circumscribed or conditioned upon proof of fraud. (*Derby* v. *Brandt*, 99 App. Div. 257; *Monro-King & Gremmels Realty Corp.* v. *9 Avenue-31 Street Corp.*, 233 App. Div. 401; *Fletcher* v. *McKeon*, 71 App. Div. 278.)

*Henry M. Bellinger* for New York Title and Mortgage Company, *amicus curiæ*. Occupants of apartments in mortgaged premises may not occupy the whole, or a portion, of the mortgaged premises, after the appointment of a receiver of the rents, issues and profits thereof, without being required to pay a reasonable sum for use and occupation. (*Public Bank of New York* v. *London*, 159 App. Div. 484; *Gunning* v. *Bowers*, 1 Law Bull. 19; *Astor* v. *Turner*, 2 Barb. 444; *Mutual Life Ins. Co.* v. *Spicer*, 12 Hun, 117; *Fletcher* v. *McKeon*, 71 App. Div. 278; *Derby* v. *Brandt*, 99 App. Div. 257; *Olive* v. *Levy*, 201 App. Div. 262; *Monro-King & Gremmels Realty Corp.* v. *9 Avenue-31 Street Corp.*, 233 App. Div. 401; *Hollenback* v. *Donnell*, 94 N. Y. 342.)

*Yorke Allen* for respondents. A written lease, not tainted by fraud, may not, *pendente lite*, be repudiated at will, by a receiver in foreclosure, and the court will not call into being and impose on the tenant a so-called occupational rental in its place. (*Klasko Finance Corp.* v. *Belleaire Hotel Corp.*, 257 N. Y. 1; *Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285.) There is no power in any court to compel a tenant, against whom no fraud is urged, to remain in occupancy at raised rates not consented to by him and which he objects to paying. (*Sager* v. *Rebdor Realty Corp.*, 230 App. Div. 106.)

LEHMAN, J. In an action to foreclose a mortgage, a receiver of the rents and profits of the mortgaged premises has been appointed. The mortgaged premises are known as the Sherman Square Studios. An apartment house containing 146 apartments, has been erected upon them and twenty-three of said apartments were sold to various

persons under what is known as the "co-operative owner-ship plan." In accordance with the agreement under which these apartments were sold, such persons were required to pay each month certain fixed charges or rent, known as "maintenance charges."

The complaint asserts that the rights of the holders of these apartments are subordinate to the lien of the mortgage. They have been made parties to the foreclosure of the mortgage and any rights which they may have will be terminated by a judgment of foreclosure and a sale held pursuant to such judgment. "On general principles of equity, the court may make the decree, when obtained, relate back to the time of the commencement of the action, and where necessary for the security of the mortgage debt, may appoint a receiver of the rents and profits accruing in the meantime, thus anticipating the decree and sale." (*Hollenbeck* v. *Donnell*, 94 N. Y. 342, 347.) That has been done here, and no party now contests the validity of the order appointing the receiver. He is concededly entitled to the rents and profits of the premises. Whatever rents or profits would have accrued to the legal owner of the premises must now be paid to the receiver. Those rents and profits would have included only the rental or maintenance charges which the owner would have received in accordance with leases or agreements made for the occupancy of the apartments. Here the receiver claims more. Upon notice to the persons occupying apartments under the so-called "co-operative ownership plan" he obtained an order fixing "the fair and reasonable monthly value for the use and occupation" of such apartments at a sum larger than that which the occupants agreed to pay and directing each of such persons to attorn to the receiver and to pay to him the amount fixed by the court as the reasonable rental value of the apartment each occupies.

A multitude of cases in intermediate appellate courts in this State have sustained the right of a receiver to

demand and receive from an occupant of premises the reasonable value of their use and occupation, though by agreement with the owner of the equity the occupant is required to pay only a lesser sum. The last of such cases is *Monro-King & Gremmels Realty Corp.* v. *9 Avenue-31 Street Corp.* (233 App. Div. 401), citing as authority some of the earlier decisions of the Appellate Division. Those decisions have not been approved by this court, and in the recent case of *Klasko Finance Corp.* v. *Belleaire Hotel Corp.* (257 N. Y. 1, 4) this court in dismissing an appeal said: " Nothing that we have said is to be taken as indicating our assent to the contention of the receiver that, * * * in the absence of fraud, the lease may be disregarded until terminated by a sale under a judgment of foreclosure. (*Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285, 289.) " The Appellate Division construing that statement as an indication of disapproval of the receiver's contention here reversed the order of Special Term in this case and granted leave to appeal upon certified questions.

In *Metropolitan Life Ins. Co.* v. *Childs Co.* (230 N. Y. 285, 289) we said: "As a general rule a tenant is liable under his contract of lease until he is evicted. Neither the beginning of an action to foreclose a mortgage superior to his lease in which he is made a defendant, nor the entry of a judgment of foreclosure and sale constitute such an eviction. The sale may never occur. The amount due may be paid by the obligors. The plaintiff may repent. Until the sale actually takes place the tenant remains liable to his landlord on his contract." In that case a tenant was made a party to a foreclosure sale. A judgment of foreclosure was served upon the tenant. It vacated the premises. Then the plaintiff in the action, over the opposition of the tenant, was permitted to discontinue the action against the tenant. The plaintiff purchased the premises at the foreclosure sale. At that time the tenant was not a party to the action and upon

the sale the mortgaged property was transferred subject to the lease, even though the lease was originally subject to the lien of the mortgage. For that reason the obligations of the tenant under his agreement were not terminated by the sale. The tenant still remained liable for rent and we held that the purchaser could maintain an action for such rent against the tenant.

In that case the tenant asserted that its obligations under the lease were terminated by service of the judgment of foreclosure. In this case, persons occupying parts of the mortgaged premises under agreements with the owner assert that their rights under their agreements survive until a sale under a judgment of foreclosure. The problems presented are superficially different, but essentially the same. The rule that until a sale under a judgment of foreclosure, the obligations of an agreement for the occupancy of the premises survive, though the agreement is subordinate to the lien of the mortgage, dictates the solution in both cases.

A mortgage is only a lien on the mortgaged real property. Title remains in the mortgagor and those claiming under or through the mortgagor until the lien is foreclosed. Foreclosure of the lien does not take place upon the commencement of a foreclosure action, but upon a sale under a judgment of foreclosure. Though, during the pendency of the action, a court of equity has power to issue interlocutory orders for the protection of an asserted lien, such orders must be auxiliary to the right to foreclose the lien, and cannot deprive any party of a title or a right, which though subordinate to the lien of the mortgage, survive and are valid until the lien is foreclosed by a sale under a judgment of foreclosure.

Right to the rents and profits is merely an incident of ownership of the property which has been pledged as security for the mortgage debt. The receiver holds the rents and profits in trust to apply upon a judgment for a deficiency. Any surplus must be returned to the owner.

If there is no sale under a judgment of foreclosure, which relates back to the commencement of the action, then all the rents and profits must be returned. Thus both adjudication of the rights of the parties and a sale thereunder precedes the divesting of any rights incident to ownership or the vesting of such rights in the mortgagee. In no event is the owner deprived of any rights or the mortgagee accorded rights beyond the stipulations of the mortgage.

Here before the foreclosure action was commenced, agreements were made by some of the defendants whereby they obtained from the owner the right to occupy apartments in the mortgaged premises in return for a stipulated payment. It is immaterial whether we call these agreements leases, or apply to them some other term. So long as the mortgaged premises have not been sold under a judgment of foreclosure, the agreements are valid and subsisting. The occupants are required to pay the stipulated sum to the owner and the owner may not disturb the possession of the tenants. Until the lien of the mortgage is foreclosed the mortgagee has no paramount title which would justify eviction of the occupants or abrogation of the agreements. The order of the court directing the occupants to vacate the premises or pay to the receiver the reasonable value of the use and occupancy deprives the occupants of a right which they have obtained by agreement. It does more than protect the security of the mortgage debt. It gives to the mortgagee a security beyond the stipulations of the mortgage and deprives the occupants of their enjoyment of rights secured by contract. It leaves the occupants in the unfortunate situation that if they vacate they not only lose the rights acquired under their agreements but remain subject to its obligations, at least until there is a sale under a judgment of foreclosure, and even after that date, if the plaintiff should decide to discontinue the action as to them; if they do not vacate they can be

put out unless they pay more than they agreed to pay. No general principle of equity jurisdiction supports the assumption of power to make such an order. (See *Smith* v. *Cushatt*, 199 Iowa, 690; *Ottman* v. *Tilbury*, 204 Wis. 56.) In jurisdictions where a mortgagee obtains title upon default even without a judicial sale, the rule, of course, may be different. (Cf. *Rohrer* v. *Datherage*, 336 Ill. 450; *Henshaw, Ward & Co.* v. *Wells*, 9 Humph. [Tenn.] 568.)

What we have said must not be accepted as an indication that an order appointing a receiver of rents and profits may be frustrated by a collusive or fraudulent lease for an inadequate rental or advance payment of rent in anticipation of a foreclosure action. We are considering rights acquired under an agreement not attacked because of fraud. The first question certified to us is whether the court on application of the receiver has power to determine the fair and reasonable rental value of the use and occupation of the premises or part thereof occupied by a party defendant, where the subordinate rental provided in the subordinate lease or agreement under which such person holds possession is less than the reasonable value thereof. The court has no such power. We do not now define the broad power of the court to prevent frustration of an order impounding the rents and profits of the property.

The order should be affirmed, with costs; the first question answered in the negative and the other questions not answered.

CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur; POUND, Ch. J., and CROUCH, J., not sitting.

Order affirmed, etc.