BANK OF MANHATTAN TRUST COMPANY, as Successor Trustee, Appellant, *v.* 571 PARK AVENUE CORPORATION et al., Defendants.

RAYMOND J. SCULLY, as Receiver, Appellant; JACOB R. SCHIFF, Respondent.

(Argued October 2, 1933; decided November 21, 1933.)

*Morrell S. Lockhart, Mason H. Bigelow* and *William F. Reardon* for plaintiff, appellant. The receiver is entitled to collect and retain, pending the determination of the foreclosure proceedings, rent payable by those in possession of the mortgaged premises. (*Metropolitan Life Ins.*

*Co.* v. *Childs Co.*, 230 N. Y. 285; *Hollenbeck* v. *Donnell*, 94 N. Y. 342; *Prudence Co.* v. *160 West 73d St. Corp.*, 260 N. Y. 205; *Schwarz* v. *Alexander*, 178 App. Div. 641.)

*Peter Klein* and *August P. Klein* for Raymond J. Scully, as receiver, appellant. Whatever right the petitioner has in and to the rental of the apartment, comes to him from and through the mortgagor and his successor in interest, and the rights of the petitioner, as an assignee, in and to the rentals of the apartment, are no better or stronger than the rights of his predecessor in interest. (*Conley* v. *Fine*, 181 App. Div. 675; *Stevenson Brewing Co.* v. *Iba*, 155 N. Y. 224; *Selwyn & Co.* v. *Waller*, 212 N. Y. 507; *Prudence Co.* v. *160 West 73d St. Corp.*, 260 N. Y. 205; *Rider* v. *Bagley*, 84 N. Y. 461; *Hollenbeck* v. *Donnell*, 94 N. Y. 342; *Donlon & Miller Mfg. Co.* v. *Cannella*, 89 Hun, 21; *Markantonis* v. *Madlan Realty Corp.*, 262 N. Y. 354; *Wiggins* v. *Freeman*, 174 App. Div. 304; *Fletcher* v. *McKeon*, 71 App. Div. 278.)

*Samuel W. Dorfman* for respondent. Petitioner is entitled to the use of the apartment without obligation to pay rent, or to the proceeds of the subletting to the tenant, until a sale of the mortgaged premises herein. (*Prudence Co.* v. *160 West 73d St. Corp.*, 260 N. Y. 205; *Eten* v. *Luyster*, 60 N. Y. 252.)

CROUCH, J. 571 Park Avenue Corporation, then the owner of the leaseholds and apartment hotel in suit, executed and recorded a mortgage upon the premises on April 22, 1926, containing the usual assignment of rents and profits as further security in the event of default. Other covenants in the mortgage provided that no interest or charge prior or equal to the lien or title of this mortgage should be created, and that its lien should not be diminished or impaired in any way by the mortgagor. On December 27, 1928, a successor of the mortgagor, then in possession of and operating the hotel, entered into an agreement with one Lanning, reciting that it

was indebted to Lanning in the sum of $44,221.78, and was in financial difficulty. After providing for the subordination of this debt to certain other claims, it was agreed that the indebtedness should be paid to Lanning only out of the net proceeds of the debtor's operation of the property, and that the indebtedness should carry no interest. Finally it was agreed that until the indebtedness should be paid, Lanning was to have the right to use one of the apartments known as apartment 1508 of the mortgaged premises, rent free, or to sublet it. Thereafter this apartment was sublet to one Lissberger at a rental of $4,000 per annum. The lease to Lissberger was executed by the debtor as landlord for and on behalf of Lanning. The monthly rents were paid by Lissberger to the debtor landlord, and were by it transmitted to Lanning and later to respondent, Lanning's assignee.

Default in the mortgage occurred May 1, 1931, and a receiver in foreclosure proceedings was appointed October 29, 1931. After the appointment of the receiver he collected $2,000 rental of the Lissberger apartment before foreclosure sale. Respondent, Lanning's assignee, applied for an order directing the payment of this amount to him, it appearing from his petition that the indebtedness due under the contract with Lanning was substantially unpaid. The application was granted, the court treating this contract as binding upon the receiver on the authority of *Prudence Co.* v. *160 West 73rd Street Corp.* (260 N. Y. 205). The order was affirmed by the Appellate Division and leave to appeal to this court was granted upon a certified question.

Under the facts of this particular case, we think that the decision in *Prudence Co.* v. *160 West 73rd Street Corp.* (*supra*) has no relevancy.

Reduced to its simplest terms, what we have here may be described as an agreement subordinate to the mortgage made by the mortgagor with a general creditor, whereby the mortgagor in consideration of the creditor's

promise to forego payment of the debt except from a particular source and also to forego interest thereon, gives the creditor the right to occupy apartment 1508 himself, or to sublet it and retain the proceeds. Thus stated, it seems clear that the agreement was in substance a lease, and that the benefits accruing to the mortgagor thereunder were in the nature of rents and profits, the value of which may readily be determined. The rent instead of being paid in cash was paid by being offset against the interest otherwise payable on the debt, and against the other benefits received by the mortgagor under the agreement. But the right thus to offset ceased when the appointment of a receiver required the application of rents to the mortgage debt. They were covered by the assignment clause in the mortgage, and were part of the security to which the mortgagee by means of a receivership was entitled to resort. No valid grant of rents could be made by the mortgagor beyond default and the appointment of a receiver, for they were no longer its to grant.

A further reason requires reversal. " Even under our decision in the *Prudence Company* case the receiver would be entitled to the rents and profits which were an incident to ownership of the premises. We held only that a receiver could not require a person in occupation of the premises to pay to him any sum either for rent or for use and occupation, beyond such sums as were in their nature rents and profits of the premises to which the owner would have been entitled." (*Markantonis* v. *Madlan Realty Corp.*, 262 N. Y. 354, 360.) We did not hold that the mortgagor's agreements with respect to mortgaged premises were conclusive upon the mortgagee where they are in contravention of express covenants or the necessary implications of a prior recorded mortgage. A contract by the mortgagor or its successors surrendering the right to receive rent for the mortgaged premises, or assigning, in whatever manner, the rents

collectible from those premises, is unquestionably an impairment of the lien of the mortgage upon the rents. It is not necessary to find any collusion in making such an arrangement; it was simply beyond the power of the parties either to appropriate the pledged rents to a different indebtedness, or to defeat the pledge by granting the use of the premises rent free. This was not only expressly forbidden by the mortgage, but it seems a necessary consequence of the assignment of rents contained in it. These rents were expressly made security for the mortgage indebtedness in the event of default, and the scope of the contracts the mortgagor or its successors might make was necessarily limited to that extent. The pledge of these rents could not subsequently be rendered worthless either by another assignment of rents to be received, or by contracting away the right to collect any rent.

The order should be reversed, with costs in all courts, and the question certified answered in the negative.

POUND, Ch. J., LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur; CRANE, J., not sitting.

Order reversed, etc.