Peck, P. J.
Plaintiff holds a mortgage on an apartment house owned by defendant Improved Real Estate Corporation. The mortgage provides for an assignment of rents to the mortgagee, upon default, and for the appointment of a receiver to collect rents in a foreclosure action. On March 17, 1947, the owner leased the entire premises for a term of three years and two and one-half months to defendant Sunnybrook Associates, Inc., at an annual rental of $50,400, payable in quarterly installments in advance, against an annual rent roll of about $90,000 and annual fixed charges of about $37,000, arising from the operation of the apartment house under existing tenancies. The lease, which was subject and subordinate to the mortgage, was also made subject to the existing tenancies, with the right given Sunnybrook to collect and retain all rents from the tenants. Sunnybrook paid in advance the rent for the period up to May 31, 1947, and on that day paid the next quarter’s rent. The mortgagor defaulted in the payment of taxes due April 1, 1947, and defaulted in the payment of interest on the mortgage due on June 1, 1947. The interest was not paid during the twenty-day grace period and a foreclosure action was commenced on June 23d and a receiver to collect rents appointed on June 24, 1947. On application of defendant Sunnybrook, the order appointing the receiver was modified to limit the receiver to the collection of rent from Sunnybrook and to enjoin the receiver from collecting rent from the tenants. From this order of modification plaintiff and the receiver appeal.
The lease was made on the eve of defaults and under other circumstances which led plaintiff to question the bona fides of the transaction. Plaintiff, therefore, resisted the application for modification of the order appointing the receiver on a factual claim of bad faith, as well as on a legal claim that the receiver had the right in any event to reach the rents payable *736 by the tenants occupying the apartments. The court took oral testimony as to the bona fides of the lease- arrangement and found that the lease was not executed in bad faith. The court then held that in the absence of bad faith, fraud or collusion, the receiver might not disregard the lease and was confined to " such rents as the lessee was obliged under the lease to pay to the mortgagor-owner.
As we have come to a different conclusion as a matter of law on the undisputed facts above stated, we find it unnecessary to pass upon the issue of good faith. It is our view that the receiver is entitled to collect rents from the tenants and should not be limited, as the order appealed from limits him, to the collection of rent from Sunnybrook.
A receiver is entitled to rents in preference to an assignee of rents under an assignment made by the mortgagor after the execution of the mortgage. (Wiggins v. Freeman, 174 App. Div. 304; New Orleans Bank & Trust Co. v. Hart, 32 F. 2d 721, certiorari denied 280 U. S. 576.) As pointed out in the latter case, to hold that the mortgagor could pledge rents beyond the time of default and bind the mortgagee thereby would have the effect of nullifying the plain terms of the mortgage and effectually destroy the rights of the mortgagee.
Sunnybrook is in the position of an assignee of rents. The fact that it holds a lease does not alter its position. Its lease is subject both to the mortgage and to the existing tenancies which antedated the lease. Had there been no intermediate lease, unquestionably the receiver would be entitled to collect the rents from the tenants in actual possession. The mortgagor could not by assignment or lease deprive the receiver of that right, and the lease to Sunnybrook did not do so. “ No valid grant of rents could be made by the mortgagor beyond default and the appointment of a receiver, for they were no longer its to grant ” (Bank of Manhattan Trust Co. v. 571 Park Ave. Corporation, 263 N. Y. 57, 62). Under the circumstances, the receiver has the same preference over Sunnybrook he would have over an ordinary assignee. (Fletcher v. McKeon, 71 App. Div. 278, 283.)
The cases cited by respondent are not to the contrary. Prudence Co. v. 160 W. 73d St. Corp. (260 N. Y. 205) simply held that a receiver could not obtain for use and occupancy of apartments more than the amount the tenants were obliged to pay as rent under their leases. Similarly, Holmes v.Gravenhorst (263 N. Y. 148) held a receiver could not collect occupational rent from an owner in possession. In short, a receiver may collect only the rent, if any, which the mortgaged premises actu *737 ally produces. The receiver in the instant case is attempting no more than that.
Equitable Life Assurance Society v. Winter Leasing Corp. (265 N. Y. 398, revg. 240 App. Div. 255) as considered and decided by the Court of Appeals, does not touch upon the question of the effect of an intermediate lease on the right of a receiver to collect rents from tenants in occupancy. As to the decision of the Appellate Division in that case, it should be noted that the court pointed out that the tenants occupying the premises were not tenants of the owner but were tenants of the lessee, apparently under subleases made years after the lease of the entire premises.
i We are not concerned here with a situation where the initial- or basic lease is a lease of the entire premises and the lessee has made his own subleases. We need not rule on the right of a receiver in that event to go beyond the basic lease and reach the proceeds of the subtenancies. In the instant case, the apartment leases were the initial or basic leases, and the lease to Sunnybrook was an intervening lease which assumed the existing tenancies. We hold that the receiver in such case may collect the rent from the tenants, irrespective of the intervening lease, the same as he would be entitled to do if the intervening lease had not been made. Sunnybrook could no more appropriate the proceeds of such tenancies to itself, to the prejudice of the mortgagee, by a lease than it could by purchase. The mortgagor could no more deprive the mortgagee of its rights by lease than it could by assignment. The Sunnybrook lease, which was subject to both the mortgage and existing tenancies, did not affect the receiver’s right to collect rents.
The order appealed from should be reversed, with $20 costs and disbursements to the appellants and the motion denied.
Glennon, Dore, Van Voorhis and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellants and the motion denied. Settle order on notice. [See 273 App. Div. 808.]