In the Matter of UNION–FERN, INC. (N. Y.), Union-Fern, Inc., a Massachusetts Corporation, Union Fern, Inc., a Vermont Corporation, U–F Budget Plan, Inc., Debtors.

No. 45043.

United States District Court
N. D. New York.

May 29, 1962.

Medwin, Tabner & Carlson, Albany, N. Y., for petitioner. Nathan M. Medwin, Albany, N. Y., of counsel.

Lee & LeForestier, Troy, N. Y., for Union-Fern, Inc., Debtor. Harry O. Lee, Troy, N. Y., of counsel.

Morton M. Z. Lynn, Albany, N. Y., for Creditors' Committee.

JAMES T. FOLEY, District Judge.

Aetna Life Insurance Company petitions for review of a decision and order disallowing its claim in the amount of

$99,504.00. Referee Ryan, by such disallowance, upheld objections filed by Union-Fern, Inc. (N.Y.), debtor, and the Creditors' Committee in these proceedings for arrangement under Chapter XI. The usual detailed decision with particularized findings and conclusions of law has been rendered by the Referee.

The claim is based upon the provisions of Section 353 of the Bankruptcy Act (11 U.S.C.A. § 753) as they cover unexpired leases of real estate involved in arrangement proceedings and monetary injury that may be caused the landlord by deprivation of rent. The substantial amount involved in this claim is the three-year computation of annual rent reserved in three long term leases creating simply after various transfers and assignments an alleged landlord-tenant relationship between Aetna and Union-Fern at the time the Chapter XI petition was filed July 7, 1961. The reality is that there is a complicated background to the existence of the leases and their use as additional security for mortgage loans. Intricate procedures passing through a labyrinth of corporate structure and the channel of mortgage executions and transfers of the property by and through a dummy participant, knowingly used by both parties for the security of large loans from Aetna to Union-Fern and its predecessors, are unnecessary to detail. Sufficient to state, at the time of the initiation of the arrangement proceeding, the debtor held the three properties, for which the substantial rent is claimed under three comprehensive leases, as fee owner subject to mortgages (not assumed) in which Aetna was mortgagee. The debtor was in the dual capacity of tenant-lessee and mortgagor. It did not occupy any of the premises upon which rent is claimed after the filing of the Chapter XI petition.

I am in full accord with the findings of the Referee that a mortgagee-mortgagor relationship existed in effect over a long period of years until June, 1961, from the method adopted by the parties customary to mortgage payment instead of the usual rental payment. It is also clear that under the law of New York the state foreclosure actions of mortgages commenced by Aetna on the real property set forth in the leases three days after the filing of the arrangement petition without reservation and with the debtor named as party defendant resulted in termination of each leasehold. (Metropolitan Life Insurance Co. v. Childs Co., 230 N.Y. 285, 130 N.E. 295, 14 A.L.R. 658; Prudence Co. v. 160 W. 73rd St. Corp., 260 N.Y. 205, 183 N.E. 365, 86 A.L.R. 361; United Security Corp. v. Suchman, 307 N.Y. 48, 52, 119 N.E. 881). It is significant to note that the mortgage foreclosure actions were permitted by the Referee after stay to continue upon the application of the claimant Aetna with the express condition that deficiency judgments would not be taken. At the foreclosure sale, one of the properties was sold to a third party, and two were bid in by Aetna.

These are strong factors in favor of the disallowance of the claim. However, further firm and absolute ground, in my judgment, to uphold the Referee and relied upon also by him is present inasmuch as claimant did not meet the conditions and requirements for the provability of the claim under the terms of the federal statute. The important clause of Section 353 of the Act upon which this claim for rent is specifically based reads:

" * * * The claim of the landlord for injury resulting *from the rejection* of an unexpired lease of real estate or for damages or indemnity under a covenant contained in such lease *shall be provable,* but shall be limited to an amount not to exceed the rent, without acceleration, reserved by such lease for the three years next succeeding the date of the surrender of the premises to the landlord or the date of reentry of the landlord, whichever first occurs, whether before or after the filing of the petition, plus unpaid accrued rent, without acceleration, up to the date of surrender or reentry. * * * " (Italics mine).

There was no rejection of the lease and no attempt was made by the claimant to move for immediate affirmance or rejection of the lease as it had the right to do. (American Anthracite & Bituminous Coal Corp. v. Leonardo Arrivabene, S.A., 2 Cir., 280 F.2d 119, 126; see also In re Greenpoint Metallic Bed Co., 2 Cir., 113 F.2d 881, 883–884). There was also no attempt by the claimant to bring into play in the event of insolvency proceedings the detailed notice provisions in Paragraph 16 of the leases for damages or indemnity with protective provisions then effective for the rights of the tenant-debtor as lessee. The federal provisions for rent claims may not be affected by the termination of leases by conduct under state law, but the highest authority emphasizes the need for previous rejection to come within the limited federal grant. (City Bank Farmers Trust Co. v. Irving Trust Company, 299 U.S. 433, 443, 57 S.Ct. 292, 81 L.Ed. 324).

Finally, in Kuehner v. Irving Trust Company, 299 U.S. 445, 450, 454, 57 S.Ct. 298, 81 L.Ed. 340, a definite rule of damages is formulated, admittedly inexact to the same extent that proof of many items of money damage is uncertain and prophetic in the law. However, in these authorities the basic definition for damages is outlined without question as the difference or deduction of present rental value of the property involved from the present value of rent reserved in the leases, both discounted at present worth. Such terminology, in my opinion, can only connote a necessity for provability in this manner of rental damage in accordance with the terms of the Section. (See American Anthracite & Bituminous Coal Corp. supra; 8 Collier (14th Ed.) pgs. 992–993).

The Section, by its terms and judicial construction, grants the right to provable damages with limitation to a three-year period of annual rent reserved, not automatic recovery for a three-year maximum. Such impairment and limitation for the long term lease agreement is constitutional. (Kuehner v. Irving Trust Company, supra, 299 U.S. page 452, 57 S.Ct. 298).

There was no proper proof of damage as discussed above included in the claim or offered to the Referee at the hearing. The reports of the Referee in the state foreclosure actions (Exhibits V, W) earnestly urged by the claimant as sufficient proof without more for three years' rent within the Act, in my judgment, are insufficient. It seems inconsistent to argue the mortgages and leases are separate and independent obligations, and then use the value measurement of loss in one to adjudge loss in the other. The claimant does not indicate any reason to justify the alternative relief requested in its supplemental brief to permit the production of further testimony.

The petition to review is dismissed and the order of the Referee disallowing the claim is confirmed.

It is so Ordered.