**In re RIVERSIDE NURSING HOME, (a partnership) Debtor.**

**Bankruptcy No. 82 B 20338.**

United States Bankruptcy Court, S.D. New York.

July 11, 1989.

---

See also, Bkrtcy., 100 B.R. 686.

Zane and Rudofsky, New York City, for debtor.

Erwin R. Goldman, New York City, trustee.

Serchuk Wolfe & Zelermyer, White Plains, N.Y., for Rednel Tower, Ltd.

## DECISION ON ORDER TO SHOW CAUSE FOR ORDER EXPUNGING CLAIM

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Chapter 11 partnership debtor, Riverside Nursing Home ("Riverside"), has moved to expunge the claim of R.H.N. Realty Corp. ("R.H.N."), the debtor's former landlord. The debtor urges four grounds for objecting to R.H.N.'s claim: 1. The claim is barred by an exculpatory clause in the debtor's lease; 2. A portion of the claim is barred by the statute of limitations; 3. The claim is barred by R.H.N.'s assignment of its right to collect rents contained in a mortgage given by R.H.N. to the Savings Bank of Tompkins County, now known as the Citizens Savings Bank ("the Bank"); 4. The claim is not sufficiently particularized.

R.H.N.'s claim was filed by its trustee in bankruptcy. R.H.N., the debtor's former landlord, was involuntarily placed in bankruptcy pursuant to a petition filed in this court by its mortgagee, the Citizens Savings Bank on April 25, 1985. After this court modified the automatic stay in the R.H.N. case at the request of the Bank, a judgment of foreclosure was obtained by the Bank on November 26, 1985 with respect to the premises leased to the debtor, Riverside. Thereafter, the Bank assigned its foreclosure judgment to Rednel Tower, Ltd. ("Rednel").

The debtor, Riverside, is a partnership located in Haverstraw, New York, which operates the nursing home on the premises formerly owned by R.H.N. before the Bank foreclosed on the property. On June 3, 1982, the debtor, Riverside, filed with this court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. It continued to operate its business as a debtor in possession in accordance with 11 U.S.C. § 1108.

In order to secure the Bank's $2,400,000 mortgage, the Bank obtained from R.H.N. an assignment of rents due and to become due from the premises leased to the debtor, Riverside, after a default in R.H.N.'s performance under its mortgage note. When R.H.N. defaulted on its mortgage obligations to the Bank, notice of such default was given by the Bank to the debtor, Riverside, with the result that Riverside made rental payments directly to the Bank pursuant to the assignment of rent. When the Bank filed its involuntary Chapter 7 petition against R.H.N. on April 23, 1985, R.H.N. was not then entitled to collect any rent from Riverside because the Bank was then entitled to, and did, collect the rent from Riverside for a time until Riverside discontinued rent payments.

The trustee in bankruptcy of R.H.N. previously made a motion in Riverside's Chapter 11 case for the allowance of his administration claim against Riverside for use and occupancy from Riverside for the period from September 1, 1984 until April 15, 1986, when R.H.N. was divested of ownership of the property pursuant to the state court judgment of foreclosure obtained by the Bank. In accordance with a decision dated June 1, 1989, this court denied the R.H.N. trustee's motion because the mortgagee Bank's collection of rent from the debtor, Riverside, with R.H.N.'s consent pursuant to the rent assignment, terminated the conventional relationship of landlord and tenant between R.H.N. and Riverside, thereby barring R.H.N. and its trustee in bankruptcy from asserting any claim for use and occupancy against Riverside for any period thereafter. *In re Riverside Nursing Home (a partnership)*, 100 B.R. 683 (Bankr.S.D.N.Y.1989). The R.H.N.

trustee's motion for reargument was denied by this court on June 26, 1989, when this court repeated its ruling that R.H.N. and its trustee in bankruptcy were not entitled to use and occupancy after R.H.N. lost the right to collect rent as a result of the Bank's perfection of its rent assignment by collecting rent from Riverside with R.H.N.'s consent. *In re Riverside Nursing Home (a partnership)*, 100 B.R. 686 (Bankr.S.D.N.Y.1989).

Having been denied his claim for use and occupancy for the period following the Bank's perfection of its rent assignment from R.H.N. for the period commencing September 1, 1984, the R.H.N. trustee now seeks to sustain R.H.N.'s claim for past due rent in the sum of $238,700 from Riverside under his amended proof of claim for the period from February, 1976 to June 2, 1982, the date of the filing of Riverside's Chapter 11 petition. This figure is based on a monthly sum of $3,100 due for each month during that period of 77 months. The $3,100 per month figure is predicated on a letter from Riverside, dated February 19, 1977, which notified R.H.N. that it was reducing its monthly rent check by $3,100 as a result of a reduction mandated by a New York State Medicaid reimbursement decrease which allegedly resulted from R.H.N.'s refusal to provide information requested by the New York State Department of Health. The debtor commenced an action in the New York Supreme Court, Queens County, against R.H.N. to compel arbitration and for a determination as to who should bear the loss for the reduction in the Medicaid reimbursement. By order dated November 21, 1980, the state court judge stayed the running of the period within which Riverside would be required to cure the default alleged by R.H.N. The stay was continued by another order of the state court dated February 20, 1981, which continued until the dispute between Riverside and R.H.N. was lodged in this court.

The R.H.N. trustee disputes Riverside's four grounds for objecting to R.H.N.'s rent claim with the following arguments: 1. The exculpatory clause in the lease dated July 2, 1973 between Riverside and R.H.N., which precludes recovery from the personal liability of the debtor, does not bar recovery from the leasehold assets, which are distinguishable from the debtor's personal liability; 2. The stays granted by the state court tolled the running of the statute of limitations; 3. The R.H.N. assignment of rent to the Bank related to a lease dated May 21, 1971, whereas R.H.N. claims rent due under a 1973 lease; 4. The R.H.N. trustee contends that his amended proof of claim fully particularized his $238,700 claim.

## DISCUSSION

### 1. *The Exculpatory Clause*

To secure the consolidated mortgage loan of $2,400,000, R.H.N. assigned to the Bank, pursuant to an Assignment of Lease, Rents and Benefits (the "Assignment"), dated April 30, 1974, the rents due and to become due under the 21-year lease between R.H.N. and the debtor, Riverside, dated May 21, 1971, which was recorded in the office of the County Clerk of Rockland County, New York, on January 20, 1972 (the "1971 lease"), as amended on February 10, 1972. The Assignment refers to the lease as dated May 21, 1973. Evidently this is a typographical error. The correct date should have been May 21, 1971, because the Assignment refers to a later amendment dated February 10, 1972. Obviously an amendment in 1972 had reference to the earlier lease dated May 21, 1971 and not to a nonexistent later May 21, 1973 lease. In the 1974 Assignment of Lease, R.H.N. expressly agreed that it "will not modify nor amend the terms of said lease nor accept prepayment of installments of rent to become due thereunder, without written consent of the Assignee, its successors or assigns."

Evidently R.H.N., as landlord, and Riverside, as tenant, entered into another lease dated July 2, 1973. There is no evidence that R.H.N. ever notified the Bank about the July 2, 1973 lease on April 30, 1974, when R.H.N. assigned to the Bank its right to collect rent after a mortgage default as security for the $2,400,000 mortgage loan from the Bank. Thus, R.H.N.'s rent as-

signment to the Bank on April 30, 1974 referred to the 1971 lease as amended on February 10, 1972, and omitted any reference to a July 2, 1973 lease with Riverside.

■ R.H.N. may have violated its duty to disclose to the Bank that the 1971 lease with Riverside was superseded by the July 2, 1973 lease and that the lease which R.H.N., assigned to the Bank as security for the $2,400,000 bank loan, was not the current lease with Riverside. This point is not relevant to the dispute between the trustee in bankruptcy of R.H.N. and the Chapter 11 debtor, Riverside, because as between Riverside and the R.H.N. trustee, the July 2, 1973 lease will govern their relationship.

■ The July 2, 1973 lease between R.H.N. and Riverside contains the following exculpatory clause which binds the leasehold estate only for Riverside's lease obligations, including the payment of rent, and relieves the debtor partnership for any personal liability for rent:

ARTICLE XX(a)—LIMITATION OF LESSEE'S LIABILITY

Notwithstanding any provisions to the contrary elsewhere contained in this Lease, *none of the covenants or agreements contained in this Lease is intended as a personal covenant or agreement on the part of Lessee or any assignee of Lessee. All of the covenants and agreements of Lessee contained in this Lease are intended solely for the purpose of binding the leasehold estate, and any security that may be given. No personal liability shall at any time be asserted or enforced against the Lessee or any assignee of the Lessee, any such personal liability being hereby expressly waived and release by Lessor and all persons claiming by, through or under Lessor;* but the foregoing shall not restrict the right of Lessor to assert and enforce the covenants and agreements in this Lease to be kept, performed and observed by Lessee by all means and remedies permitted in law, equity or pursuant to the provisions of this Lease, *other than the assertion or enforcement of personal liability; any*

*liability for breach or non-performance by Lessee (involving personal liability) of any of the covenants and agreements contained in this Lease or for damages arising out of the termination of this Lease or otherwise, shall be collectible only out of the leasehold estate,* which leasehold estate shall for this purpose include without limitation any buildings and improvements on the leased premises, the fixtures or equipment therein, any insurance policies carried under this Lease and the premiums therefor and proceeds thereof, any money deposited with an Escrowee hereunder, and performance and payment bonds security provided by Lessee hereunder or the proceeds thereof, any award to which Lessee may be entitled in any condemnation proceedings and any and all real estate tax refunds. No officer, stockholder or director of any corporate Lessee or assignee and no principal of any Lessee, disclosed or undisclosed, shall be liable under this Lease for the performance of the Lessee's obligations.

(Emphasis added).

■ Manifestly, under the foregoing exculpatory clause, R.H.N. agreed to look only to the leasehold estate for unpaid rent and expressly agreed to insulate the debtor partnership from any and all personal liability. At this juncture in Riverside's Chapter 11 case, there is no leasehold estate available to R.H.N. from which R.H.N. or its trustee in bankruptcy can obtain redress. On April 15, 1986, the Bank entered its mortgage foreclosure judgment following the lifting of the automatic stay. The Bank's mortgage foreclosure judgment divested R.H.N. of any interest in Riverside's leasehold estate. Even in those cases where the mortgagee does not join the tenant as a party in the foreclosure action, so that the mortgagee takes possession subject to the lease, a purchaser at the foreclosure sale acquires all of the mortgagor's rights against the tenant under leases not terminated by foreclosure and sale, because the mortgagor landlord's rights in the leasehold were extinguished. *Equitable Life Assurance Society v. Solo-*

*mon,* 240 A.D. 255, 269 N.Y.S. 591 (App. Div. 1st Dep't 1934); *Old Packing Corporation v. N.L. Kaplan, Inc.,* 37 N.Y.S.2d 390 (Sup.Ct.N.Y.Co.1942).

■ Not having any interest in Riverside's leasehold estate, R.H.N.'s claim for unpaid rent, either under the 1971 lease or the 1973 lease, can be satisfied only out of the debtor partnership's personal liability. In view of the fact that the R.H.N. trustee in bankruptcy concedes that the exculpatory clause in the lease relieves the debtor of personal liability and that "R.H.N. is not seeking to recover from the personal assets of the individual partners of Riverside whose protection is plainly what this clause was intended to provide" (Trustee's Response dated June 27, 1989 pp. 3 and 4), it follows that the R.H.N. trustee's claim in this case must be expunged. R.H.N.'s claim to any leasehold interests was extinguished by the Bank's mortgage foreclosure judgment.

### 2. *The Rent Assignment*

■ Apart from the conclusion that there is no leasehold interest available to R.H.N., the R.H.N. trustee's alternative contention is also unpersuasive. He contends that his claim relates to past due rent under the 1973 lease and not under the 1971 lease which Riverside assigned to the Bank. The fact that R.H.N. and Riverside entered into a separate lease in 1973, which R.H.N. did not mention when R.H.N. assigned to the Bank its right to collect Riverside's rent as additional collateral for the $2,400,000 mortgage loan, does not detract from the efficacy of the rent assignment. R.H.N. is estopped from claiming that the Bank received an ineffective and hollow rent assignment under the 1971 lease and that R.H.N. continued to retain the right to collect rent from Riverside under the 1973 lease. After R.H.N.'s mortgage default, the Bank notified Riverside of its right to collect rent for the premises occupied by Riverside. The Bank proceeded to collect the rent with R.H.N.'s consent. R.H.N. knew that Riverside's obligation for rent was single and not divisible. Having consented to Riverside's payment of rent to the Bank after R.H.N. defaulted on its mortgage note, R.H.N., and its trustee in bankruptcy, cannot now argue that the assigned rent which the Bank collected related to the earlier 1971 lease and that Riverside continued to remain liable to R.H.N. for rent under the 1973 lease because that lease was not expressly mentioned in the 1974 Assignment of Lease. Indeed, the Assignment specifically states: "The Assignor does hereby bargain, sell, transfer, assign and set over unto the Assignee, its successors and assigns, the rent due and to become due under the terms of the aforementioned lease, *as amended ...*". (Emphasis added). Thus, the parties contemplated that any subsequent changes in the 1971 lease were to be treated as amendments and included under the rent Assignment as additional collateral for the $2,400,000 mortgage loan from the Bank. All of the rent which R.H.N. was entitled to collect from Riverside as the occupant of the mortgaged premises was assigned to the Bank as collateral for R.H.N.'s mortgage obligations. R.H.N.'s failure to refer to the 1973 lease in the 1974 Assignment of rent does not alter the fact that after R.H.N.'s mortgage default, the Bank succeeded to all of R.H.N.'s rights to collect rent from the mortgaged premises.

The R.H.N. trustee cannot now contend that his claim for past due rent survived the Bank's perfection of its right to the assigned rent, apart from the fact that R.H.N.'s rent claim was extinguished when the Bank succeeded to R.H.N.'s leasehold rights after it foreclosed upon the mortgage.

■ The term "perfection", in the context of the Bank's entitlement to the assigned rent, has reference to a perfection as between the parties. Obviously, the Riverside debtor, in the exercise of a trustee's authority conferred under 11 U.S.C. § 1107, could exercise the so-called strong-arm powers granted to a trustee under 11 U.S.C. § 544 and assert that under New York law an assignment of rent under a mortgage is not self-executing and operates only as a pledge of rent, to which the pledgee does not become entitled until the

pledgee asserts its right by taking affirmative steps, such as the appointment of a receiver to collect the rent for the benefit of the mortgagee, or obtaining an order for the sequestration of the rents. *In re Pine Lake Village Apartments Co.,* 17 B.R. 829, 830 (Bank.S.D.N.Y.1982) and cases cited therein. Indeed, the actual collection of rent by a mortgagee has been regarded as only extending to prepetition rents actually collected and not automatically passing title to the post-petition rent of a debtor pursuant to 11 U.S.C. § 552(b), which provides that a security interest extending to prepetition rent also covers post-petition rent. *See In re Multi–Group, III, Ltd. Partnership,* 99 B.R. 5, 10 (Bankr.D.Ariz. 1989).

### The Strong Arm Is On The Wrong Body

In the instant case, the Riverside debtor, as the tenant under the lease in question, does not dispute the mortgagee Bank's entitlement to the assigned rent. Indeed, the Riverside debtor maintains that because the mortgagee Bank actually collected the prepetition assigned rent from Riverside after the mortgage default, and with R.H.N.'s consent, R.H.N. now has no standing to claim any past due rent. The fact that R.H.N. is in bankruptcy and is represented by a trustee in bankruptcy does not mean that the R.H.N. trustee may exercise the hypothetical lien creditor's rights under the strong-arm authority of 11 U.S.C. § 544 and contest the mortgagee Bank's perfection or entitlement to the assigned rent. The R.H.N. trustee does not possess strong arm powers on behalf of the Riverside debtor's estate in this case. Thus, as noted in *In re Minton Group, Inc.,* 27 B.R. 385 at 389, 390 (Bankr.S.D.N.Y.1983), the strong arm is on the wrong body. As between R.H.N. and the mortgagee Bank, the bank has perfected its right to the assigned rent from Riverside. The Riverside debtor agrees with this position and does not assert any strong arm powers under 11 U.S.C. § 544 to contest the rent assignment.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2. The claim on behalf of R.H.N. Realty Corp. for past due rent under the lease dated July 2, 1973 between the debtor, Riverside Nursing Home and R.H.N. Realty Corp., in the amended claimed amount of $238,700, must be expunged because it is barred by the exculpatory clause in the lease. The debtor is not personally liable to R.H.N. and there was no leasehold interest available to R.H.N. from which it may satisfy its claim after the Bank's mortgage foreclosure judgment was entered.

3. R.H.N.'s past due rent claim under the lease dated July 2, 1973 must be expunged for the additional reason that R.H.N. lacked standing to collect such rent after the Bank perfected its entitlement to the rent which R.H.N. assigned to the Bank as additional collateral for the Bank's mortgage loan of $2,400,000.

4. The debtor's motion to expunge the R.H.N. claim for past due rent is granted.

5. SETTLE ORDER on notice.