SPEAR SECURITIES CORPORATION, Plaintiff, *v.* MADISON-BELMONT CORPORATION and Another, Defendants.

Supreme Court, New York County, January 10, 1936.

*Leon Leighton,* for the plaintiff.

*Allin, Tucker & Allen* [*Yorke Allen* of counsel], for the defendants.

Cotillo, J.  The plaintiff, holder of a second mortgage upon premises owned by defendant Madison-Belmont Corporation, brings this action to impress a trust upon a lease of a portion of the mortgaged premises; to restrain the defendant owner from taking any steps whatsoever in rega d to such lease; and to secure the appointment of " a suitable person to act as an officer of this court " to appear and protect the interests of the parties hereto in the proceedings pending in the Federal courts wherein Cheney Brothers, tenants under such lease, are seeking to reorganize under section 77B of the Bankruptcy Act, and to collect any moneys awarded by the Federal court in payment of any claims arising under such lease, and to enter into negotiations with the tenant in

an effort to effect a new and different letting of all or part of the space now occupied by such tenant in the mortgaged premises.

Upon the trial the facts were established by documentary records, by stipulations or concessions, and by testimony which was practically uncontroverted. There is, therefore, no real dispute as to facts, the questions presented being the proper inferences to be drawn from such facts, and questions of law involving the power of this court to grant the relief sought and the propriety of so doing if the power exists.

The defendant Metropolitan Life Insurance Company was not represented upon the trial, and it was stated upon the record that this defendant has not appeared herein. It is the holder of a first mortgage upon the premises of the defendant first named and which is part of the premises covered by the Cheney lease. For the purposes of this memorandum, the owner of the mortgaged premises will be referred to as the defendant. This defendant moved at the opening of the trial and at the close of plaintiff's case to dismiss the complaint on the ground that the facts pleaded and proven do not constitute a cause of action. Decision was reserved thereon, and defendant adduced its proofs, at the conclusion of which decision on the entire case was reserved

Briefly stated, the salient facts are as follows: Defendant Madison-Belmont Corporation is the owner of premises situate at the southeast corner of Madison avenue and Thirty-fourth street, upon which is erected a building, various space in which is leased to a number of tenants. In 1931 the owner refinanced the then existing mortgage of $2,400,000 upon the premises. This was done by securing a new mortgage of $2,000,000 from the Metropolitan Life Insurance Company under an arrangement whereby Mr. Fohs, president and majority stockholder of the corporate owner, guaranteed payment of $200,000 of the installments of principal which the mortgage required to be paid in semi-annual installments of $20,000, beginning September 1, 1932. Mr. Fohs also arranged to furnish the requisite cash to make up the difference between the old $2,400,000 mortgage and the $2,000,000 loaned upon the security of the new one. For this purpose he used $250,000 of his personal funds, and borrowed from plaintiff the remaining $150,000, giving plaintiff the defendant's bond secured by a second mortgage upon the premises and at the same time entering into an agreement concerning the lease under which Cheney Brothers occupied the first four floors and basement of defendant's building.

This second mortgage and agreement give rise to the present controversy, which is solely between the owner of the premises and the second mortgagee. The bond required the owner to pay plain-

tiff the sum of $150,000 in quarterly installments of $5,000, beginning February 1, 1932, and to pay the entire balance remaining on February 1, 1934. The mortgage accompanying this bond secured payment thereof and was by its terms subject and subordinate to the $2,000,000 mortgage held by the Metropolitan Life Insurance Company. The agreement between the parties was made upon the express condition of this loan of $150,000 made by plaintiff to defendant. It relates to the lease made by defendant to Cheney Brothers in 1925 of four floors and basement of the mortgaged premises for a term of nineteen years and ten months, expiring in 1945, at an annual rental of $155,000 payable in equal monthly installments of $12,916.66. By this agreement the defendant owner covenanted that so long as the loan remained unpaid and the mortgage unsatisfied, " it will not sell, transfer, modify or cancel " the Cheney Brothers lease without the consent in writing of the plaintiff. The agreement contains no other provisions.

In October, 1932, plaintiff gave its written consent to the modification of the Cheney lease by reducing the rent from $155,000 to $125,000 per annum for the period July 1, 1932, to June 30, 1934. Later and in October, 1934, plaintiff again gave its written consent to a further reduction of the rent to $85,000 per annum for two years beginning August 1, 1934.

In April, 1935, Cheney Brothers filed in the United States District Court, District of Connecticut, its petition for reorganization under section 77B of the Bankruptcy Act. In June of this year it petitioned the Federal court for permission to reject its lease with defendant and a hearing thereon was held on June twenty-fourth. Defendant appeared and opposed the application. Plaintiff likewise appeared thereon by counsel and participated in the proceedings without objection being made to its appearance. There is no question raised before me but that defendant opposed the application vigorously and ably, and it appears that both plaintiff and defendant, through their respective counsel, actively co-operated in a joint effort to preserve an asset in which they have a mutual interest.

The Federal proceeding has not been decided so far as the record before me indicates. The court there did direct the payment of rent by Cheney Brothers for the months of May and June, 1935, at the rate of $85,000 per annum. With matters in this state, this court is asked to impress a trust upon the lease and to take possession thereof to the exclusion of the record owner of the property on the theory that plaintiff has an equitable interest therein if not equitable ownership thereof.

The following additional facts are not without pertinency to any discussion of equitable rights: Taxes upon the mortgaged premises as well as all interest and amortizations of principal payable under the first mortgage have been paid in full to date. Plaintiff's bond and mortgage has been paid down to $104,500. No installments of principal have been paid since February 1, 1934, but all interest has been paid to date. It is thus apparent that neither mortgagee is in a position to foreclose. All payments of principal and interest under the first mortgage have been discharged as required by the terms thereof. The second mortgage matured on February 1, 1934, but foreclosure for failure to pay principal at maturity cannot be enforced until 1936 at the earliest. (Civ. Prac. Act, § 1077-a *et seq.*)

It was shown upon the trial that although defendant's sole business is the operation of the mortgaged premises, it is possessed of personal property of the value of about $60,000, and that its total annual rent roll is about $274,000, of which $85,000 is derived from Cheney Brothers and $189,000 from other tenants. Fixed and operating charges of every kind, exclusive of amortization of mortgages, amount to about $254,000, leaving a margin of $20,000. Plaintiff offered testimony tending to establish that the space for which Cheney Brothers are now obligated to pay $85,000 per annum would produce only $55,000 if leased to new tenants at this time.

These are the outstanding facts upon which plaintiff relies to secure the relief herein sought. That this action is novel is not sufficient cause for withholding the aid of the court. The question presented is whether the court possesses the power invoked and whether the facts and the equities warrant the exercise thereof.

It seems quite clear that the threatened change of conditions which may result from the proceedings in the Federal court forms the chief if not the sole basis for the present action. Plaintiff urges, in effect, that the enactment of section 77B of the Bankruptcy Act and its effect upon the transactions between plaintiff, defendant and Cheney Brothers were not anticipated or foreseen at the time the second mortgage loan was made. If the bankruptcy laws have affected the contract rights of the parties, that question and the the relief to be accorded must largely be left to the Federal courts. While this court may adjudicate and adjust legal and equitable rights between the parties, it cannot rewrite contracts modified or voided by Federal legislation. But for that legislation and the proceedings taken thereunder by Cheney Brothers, plaintiff would have no grounds for asking this court to appoint a receiver, trustee or custodian to take possession of property rights plainly belonging

to defendant. Under existing State legislation, no grounds presently exist for such drastic action.

No necessity has been shown for the appointment of such a representative for the purpose of appearing in the Federal court to protect the rights of the parties to this action. The proceedings there can have but one of three results, namely, (1) the refusal of the Federal court to permit Cheney Brothers to reject its lease; (2) the authorization of a modification of the lease acceptable to all parties; or (3) the authorization of the rejection of the lease and the fixation and allowance of money damages therefor as provided by the Bankruptcy Act.

As above stated, it has been conceded that plaintiff has appeared in the proceedings under section 77B and its right so to do has been recognized. Such recognition is not merely a matter of courtesy but of right, for the Bankruptcy Act specifically provides that any person injured by the rejection of the lease is deemed a creditor and is entitled to be heard on all matters affecting his rights. It is to be assumed that plaintiff's rights will be protected there as fully and as ably by counsel of its own choice as by a trustee or receiver appointed by this court. There is no reason for believing that this court's appointee would have any greater standing in the Connecticut Federal court than plaintiff or its counsel.

It is conceded that counsel for plaintiff have worked harmoniously to prevent the rejection of the lease and in an effort to agree with the tenant upon an acceptable modification. The interposition of this court is not sought upon the ground that plaintiff and defendant cannot agree upon the best plan or policy.

It is patent that the exercise of equitable power, even if it exists, is not essential to secure an appearance in the Federal court to protect or represent plaintiff's rights there, nor to assist in bringing about a satisfactory modification of the lease. There remains, therefore, but one other contingency — the future award of damages in the event that the rejection of the lease is authorized. An adjudication at this time of the right to such money damages appears premature. No claim is made that there is danger of such damages, if awarded, being collected and dissipated by defendant.

Plaintiff asserts that a trust relationship exists and that this is a proper case for the court to declare the trust and appoint a trustee. There would be greater reason for this claim if defendant was in default, or if its *liability* to pay was dependent upon the existence of the Cheney lease. From a practical standpoint there may be grounds for believing that defendant's *ability* to pay is largely dependent upon the continuance of the Cheney lease. But the court is not justified in taking possession of property merely because

its value may become impaired, where the parties have not so stipulated, and such a course was not within the contemplation of the parties at the time the transaction was entered into. Defendant did not assign or agree to assign the Cheney lease to plaintiff. The mortgage contained the usual clauses providing for an assignment of rents upon any default and for the appointment of a receiver upon the same contingency. No actionable default has occurred. True it is that the second mortgage is now overdue according to its terms. But it cannot be foreclosed by reason of the protective features of legislation enacted to meet existing emergencies. Certainly no court of equity should actively assist a mortgagee who is prevented by the moratorium act from foreclosing his mortgage to obtain possession of the rents and profits of the mortgaged premises. Such a course would constitute a clear evasion of legislation which the Legislature found necessary to enact.

The mortgage gives plaintiff no right to disturb defendant's possession and control of its premises save by the recognized foreclosure proceeding, and the latter's title remains until sale under judgment of foreclosure. (*Prudence Co.* v. *160 W. 73rd St. Corp.*, 260 N. Y. 205, 211.) The agreement between the parties was not intended to and does not give plaintiff any property rights in the Cheney lease beyond those described in the mortgage. It is at most a covenant by the defendant to refrain from voluntarily performing any act which would depreciate the value of plaintiff's security. No present or future assignment of the lease is to be found in the instrument, and no intent to accomplish such a result may be inferred from the transaction. As plaintiff points out in its brief, such an assignment would probably be in violation of the rights of the holder of the first mortgage. It follows that for the reasons pointed out by Judge Lehman in *Stephenson* v. *Go-Gas Co.* (268 N. Y. 372), no trust may be declared.

Upon the facts here presented, this court is without power to take possession of the lease or to appoint a receiver or trustee to receive a possible future award of damages in the event the lease is hereafter destroyed as the result of proceedings in the Federal courts. A case of necessity has not been made out. Plaintiff is not a preferred creditor entitled to the value of the lease as determined in the bankruptcy proceeding to the exclusion of all other creditors of defendant — or at least this court may not so declare upon the facts before it. It may be that the defendant cannot operate the building if the Cheney lease is not upheld. It is also possible that it will be able to do so, and that it will be able to pay plaintiff the balance due on its mortgage when the moratorium

statute is repealed or expires. That act was passed for the owners of real estate. The Legislature must have been satisfied that such owners were entitled to the relief accorded them. This legislation should not be rendered nugatory by permitting a mortgagee to seize the income accruing from mortgaged realty when he cannot take the property itself. The interests of plaintiff and defendant in the Cheney lease are being adequately protected by able counsel of their own choice, working in harmony. It is not even intimated that defendant has in any manner violated its agreement or failed to take all possible steps to preserve the lease. It has accepted the plaintiff's co-operation to secure this end. From these facts it follows there is no occasion for the exercise of equitable powers by this court, and defendant is entitled to judgment dismissing the complaint. Submit proposed findings and judgment.