Appeal from a judgment and order (one paper) of the Supreme Court, Monroe County (John J. Ark, J.), entered April 15, 2016. The judgment and order, insofar as appealed from, granted that part of the motion of defendants Isaac Kendrick and Elizabeth Kendrick for partial summary judgment dismissing all claims for injuries allegedly sustained by plaintiff Jaquanda Nero after April 8, 1992.
 

 It is hereby ordered that the judgment and order insofar as appealed from is unanimously reversed on the law without costs, the motion with respect to claims for injuries allegedly sustained by plaintiff Jaquanda Nero after April 8, 1992 is denied, and those claims are reinstated.
 

 Memorandum: Plaintiffs, by their parent and natural guardian, commenced this action seeking damages for injuries they allegedly sustained as the result of their exposure to lead at premises owned by defendants. Jaquanda Nero (plaintiff), as limited by her brief, contends that Supreme Court erred in granting that part of the motion of Isaac Kendrick and Elizabeth Kendrick (defendants) for partial summary judgment dismissing all claims for injuries allegedly sustained by her after April 8, 1992. Insofar as relevant here, defendants sought partial summary judgment dismissing those claims because defendants had lost title to the property by order of foreclosure entered on that date. We agree with plaintiff that the court erred in granting that part of defendants’ motion.
 

 Although defendants established in support of that part of their motion that a judgment of foreclosure had been entered, it is well settled that “ ‘[t]he entry of a judgment of foreclosure and sale does not divest the mortgagor of its title and interest in the property until [a] sale is actually conducted’ ” (Koch v Drayer Mar. Corp., 118 AD3d 1300, 1301 [4th Dept 2014]; see Prudence Co. v 160 W. 73rd St. Corp., 260 NY 205, 210-211 [1932]). It is undisputed that the actual sale of the property did not take place until April 1993, after plaintiff had allegedly been exposed to lead paint, and thus defendants failed to meet their burden on that part of their motion.
 

 Finally, we decline defendants’ request that we search the record and grant summary judgment in their favor on plaintiff’s remaining claims.
 

 Present—Whalen, P.J., Smith, Lindley, NeMoyer and Curran, JJ.