■ In the Matter of THOMAS LYNCH et al., Respondents, v NEW YORK CITY CONCILIATION AND APPEALS BOARD et al., Appellants.—Judgment, Supreme Court, New York County, entered December 17, 1976, granting article 78 petition and annulling the determination of respondent New York City Conciliation and Appeals Board ("CAB"), dismissing tenants' complaints, is unanimously reversed, on the law, and vacated, without costs and without disbursements, and the petition is dismissed. Chapter 576 of the Laws of 1974, approved May 29, 1974, subjected to the New York City Rent Stabilization Law apartments in New York City previously decontrolled because of vacancies occurring on or after July 1, 1971. The Rent Stabilization Law is essentially administered by appellant CAB. This case involves certain lease instruments which extended the term of certain existing leases for two years, and which were executed shortly after the commencement of the original leases, and considerably before their original termination date and before the enactment of chapter 576 of the Laws of 1974. CAB has determined that for purposes of rent stabilization, these amendatory instruments should not be treated as renewals effective only at the end of the original term, and, thus, within the regulatory period authorized by the new statute, but should rather be treated as modifications of the original leases, as if they had been embodied in the original lease, and, thus, not subject to regulation or modification under the new statute. Every line drawn by an administrative agency "leaves some out that might well have been included." *(Village of Belle Terre v Boraas,* 416 US 1, 8.) We think that this determination was within the administrative body's expertise, and not

irrational, arbitrary or capricious. Concur—Stevens, P. J., Birns, Silverman and Capozzoli, JJ.