■ AETNA LIFE INSURANCE COMPANY, Respondent, v ABS PROPERTIES, INC., Appellant, and AMERICAN BUREAU OF SHIPPING et al., Respondents.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered September 24, 1991, which, *inter alia,* directed defendant Peregrine White Company, Inc. (Peregrine Company) to attorn to the court-appointed receiver, and to pay rent as set forth therein retroactively to January 24, 1991, the date the receiver qualified, unanimously affirmed, with costs.

In this action to foreclose a mortgage, there was no error in directing Peregrine Company, the mortgagor's managing agent which occupies space in the premises rent free, to attorn to the court-appointed receiver, and to pay a reasonable rent as set forth in the court's order. While, absent an agreement to the contrary, a mortgagor cannot be required to pay rent to a mortgagee in possession *(Holmes v Gravenhorst,* 263 NY 148), the mortgage at issue provides that the mortgagor in default, its "associates" and "affiliates", are required to pay a "reasonable rent." Peregrine Company fits within either definition, since, by virtue of an overlapping of both corporate officers and shareholders, there is "common control" of Peregrine Company, the mortgagor, and the corporation which owns all of the mortgagor's stock. Moreover, as Peregrine Company's occupancy is an incident of its role as the building's managing agent, the jural relationship between principal and agent brings it within the definition of "affiliate" of the mortgagor. Further, a mortgagor may not contract away his right to receive rent, or lease space for a nominal rent, in violation of the lien of the mortgagee, where, as here, the mortgage contains an assignment of rents *(Bank of Manhattan Trust Co. v 571 Park Ave. Corp.,* 263 NY 57; *New York City Community Preservation Corp. v Michelin Assocs.,* 115 AD2d 715, *lv denied* 68 NY2d 604).

We have considered the remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Carro, Milonas and Kupferman, JJ.