OPINION OF THE COURT
 

 Ciparick, J.
 

 In this mortgage foreclosure action involving a parcel of commercial real estate, the receiver moves for an order compelling the nonparty tenant to attorn for rents due. The issue presented is whether an agreement between the tenant and the landlord /mortgagor, which extended the term of the lease, constituted a new lease and was therefore subject to an existing mortgage or was merely a continuation of the original lease.
 

 On November 18, 1982, nonparty tenant, European American Bank (EAB), entered into a lease agreement with Montaco Realty Company (Montaco) covering a portion of a building located at 189 Montague Street, Brooklyn, New York. The lease was for the 10-year term June 1, 1983 to May 31, 1993. Prior
 
 *542
 
 to April 1987, Montaco sold, the property to defendant Montague Street Realty Associates (MSRA).
 

 In April 1987, MSRA mortgaged the premises to plaintiff Dime Savings Bank of New York (Dime). The mortgage, which was recorded on May 14, 1987, expressly prohibited MSRA from accepting, without prior written consent of the mortgagee, prepayments of installments of rents to become due under any lease of the mortgaged property. The mortgage also provided that each new lease was subject and subordinate to the mortgage.
 

 On October 15, 1992, EAB executed an Amendment to Lease with MSRA. This agreement, among other things, extended the lease for an additional five years from June 1, 1993 to May 31, 1998, required EAB to prepay rent in the amount of $160,000 for the period June 1, 1993 to May 31, 1994, and otherwise expressly incorporated by reference the terms of the 1982 lease. Paragraph 7 of the 1982 lease provided that the lease would be subject and subordinate to all mortgages which "may now or hereafter” encumber the property. EAB prepaid the $160,000 in accordance with the agreement.
 

 MSRA subsequently defaulted on its mortgage obligation to Dime and, in January 1993, Dime commenced the underlying mortgage foreclosure action. A court-appointed receiver of the rents and profits on the property served EAB with notice to at-torn for rents. EAB paid rent to the receiver for March, April and May 1993 but refused to pay rent for the period June 1993 to May 1994 on the ground that it had previously paid the rent for this period to MSRA in accordance with the lease extension agreement. The receiver then moved by order to show cause to •compel EAB to attorn for rents due. Supreme Court granted the motion and rendered a judgment directing EAB to pay $160,000. The Appellate Division affirmed. We granted leave to appeal and now affirm.
 

 EAB argues that the lease extension agreement entered into between MSRA and EAB was not a new and separate agreement but merely a continuation of the 1982 lease. Contending that its tenancy at the premises predated the Dime mortgage, EAB argues that it is not bound by the covenant prohibiting prepayment of rent. EAB misplaces the source of its right to the tenancy.
 

 A landlord is under no obligation to renew a lease
 
 (Mobil Oil Corp. v Rubenfeld,
 
 48 AD2d 428, 431,
 
 affd
 
 40 NY2d 936;
 
 Robinson v Jewett,
 
 116 NY 40, 51;
 
 Thayer v Leggett,
 
 229 NY 152,
 
 *543
 
 158). A tenant who wants a right of renewal must reach an agreement with the landlord and whatever right the tenant has is governed by the terms of the agreement.
 

 Where the original lease includes an option to renew, the exercise of it by the tenant does not create a new lease; rather it is a prolongation of the original agreement for a further period. Once the option is exercised, the original lease is deemed a unitary one for the extended term and a new lease is not necessary
 
 (Masset v Ruh,
 
 235 NY 462, 464;
 
 Orr v Doubleday, Page & Co.,
 
 223 NY 334, 340-341). The parties hold, not under any contract of renewal, but by virtue of the original lease
 
 (Gulf Oil Corp. v Buram Realty Co.,
 
 11 NY2d 223, 226;
 
 Orr v Doubleday, Page & Co., supra,
 
 223 NY, at 342). However, even in the absence of an option to renew in the original contract, a tenancy agreement may subsequently be modified and the lease term extended
 
 (see, Matter of Lynch v New York City Conciliation & Appeals Bd.,
 
 56 AD2d 816,
 
 affd on mem below
 
 44 NY2d 795).
 

 In the instant case, the original lease dated November 18, 1982 entered into between Montaco and EAB did not include an option to renew. Seven months prior to the expiration of this lease, EAB entered into a contractual relationship with a new landlord, MSRA. Although this new agreement incorporated terms of the Montaco lease, it also included several new provisions which were to take effect after the termination of that lease. The most significant provision, the prepayment of rent, was to be applied to the new lease term and not to the original lease term. Under these circumstances, we conclude that the lease extension was a new agreement rather than a continuation of the old agreement. Because the new contract postdated the Dime mortgage and because pledged collateral cannot be impaired by a postdated agreement by the mortgagor-landlord, whatever right EAB had pursuant to that contract was subordinate to the terms of the mortgage
 
 (see, Bank of Manhattan Trust Co. v 571 Park Ave. Corp.,
 
 263 NY 57, 62;
 
 see also, Aetna Life Ins. Co. v ABS Props.,
 
 186 AD2d 448;
 
 New York City Community Preservation Corp. v Michelin Assocs.,
 
 115 AD2d 715, 717).
 

 Because we hold that EAB’s tenancy was pursuant to the new 1992 contract, we need not and do not reach the separate issue of whether the exercise of an option to renew after recordation of a mortgage would be subject to the terms of the mortgage. In any event, pursuant to paragraph 7 of the 1982 lease, incorporated into the 1992 lease amendment, the tenancy
 
 *544
 
 agreement is subject and subordinate to all mortgages which "may now or hereafter” encumber the property. Paragraph 7 further provides that the clause is self-operative and "no further instrument of subordination shall be required by any * * * mortgagee.” Hence, EAB’s position is defeated by the express terms of the parties’ agreement.
 

 EAB further argues that it is not bound by the covenant in the mortgage because Dime failed to provide EAB with written notice in accordance with section 291-f of the Real Property Law. Section 291-f provides that a mortgage covenant restricting the power of the mortgagor to accept prepayments of rents due under an
 
 existing
 
 tenancy agreement shall be binding on the tenant upon receipt of written notice of the covenant. The statute specifically makes voidable any prepayment made without the consent of the holder of the mortgage and further exempts the necessity of a written notice on or after July 1, 1960 as the recording of the mortgage shall "be in itself a sufficient notice of the restrictive agreement”. Consequently, since the 1992 lease amendment was not a continuation of the 1982 lease but rather a new tenancy agreement postdating the Dime mortgage, Dime was not required to provide written notice of the restrictive covenant.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Wesley concur.
 

 Order affirmed, with costs.