605 PARK GARAGE ASSOCIATES, LLC, and ROC 65th Street Associates, LLC, Plaintiffs–Counter Defendants–Appellees–Cross Appellants,

v.

605 APARTMENT CORPORATION, Defendant–Counter Claimant–Appellant–Cross Appellee.

Docket Nos. 04–4194–CV(L), 04–42460CV(XAP).

United States Court of Appeals, Second Circuit.

Argued: June 9, 2005.

Decided: June 20, 2005.

Ted Poretz, Cynthia L. Ginsberg, Bingham McCutchen LLP, New York, N.Y. for

Defendant–Counter Claimant–Appellant–Cross Appellee.

Michael B. Kramer, Michael B. Kramer & Associates, New York, N.Y. for Plaintiffs–Counter Defendants–Appellees–Cross Appellants.

Before: JACOBS, SACK, and RAGGI, Circuit Judges.

PER CURIAM.

In 1980, Congress enacted the Condominium and Cooperative Conversion Protection and Abuse Relief Act (the "Relief Act"), 15 U.S.C. § 3601, *et seq.*, to regulate certain aspects of the conversion of apartment buildings from rental properties to condominiums or cooperatives. The Relief Act prevents real estate developers that sponsor building conversions from obtaining long term sweetheart leases during the conversion process. *See, e.g., Bleecker Charles Co. v. 350 Bleecker St. Apartment Corp.*, 327 F.3d 197, 199 (2d Cir.2003); *Darnet Realty Assocs., LLC v. 136 E. 56th St. Owners, Inc.*, 153 F.3d 21, 24 (2d Cir. 1998) (*"Darnet I "*).

Pursuant to the Relief Act, and under certain circumstances, a qualifying "contract or portion thereof," that is (i) "entered into" after the Act's effective date and (ii) between the sponsor (or an affiliate of the sponsor) and the condominium or cooperative, "may be terminated without penalty" by the condominium or cooperative. 15 U.S.C. § 3607(a). "No proof of one-sidedness or unconscionability is required for the exercise of the termination right." *181 E. 73rd St. Co. v. 181 E. 73rd Tenants Corp.*, 954 F.2d 45, 48 (2d Cir. 1992). However, "[C]ongress has placed 'significant restrictions' on the power of unit owners to exercise their termination right," and this Court has "refused to broaden the relief provided by the Act beyond its literal terms." *Bd. of Manag-ers v. Infinity Corp.*, 21 F.3d 528, 533 (2d Cir.1994) (citing *Park S. Tenants Corp. v. 200 Cent. Park S. Assocs., L.P.*, 941 F.2d 112, 114 (2d Cir.1991) (*per curiam* )).

■ On this appeal, we consider whether a cooperative may terminate a lease entered into by a sponsor (or its affiliate) prior to the Relief Act's effective date, where two lease renewal options contained in that lease were exercised after the Act's effective date. We hold that the Relief Act provides no such termination right.

I

In December 1979, after a series of transactions not relevant to the resolution of this appeal, 605 Park Garage Associates, LLC—an affiliate of 605 Park Avenue's sponsor, ROC 65th Street Associates, LLC (collectively, the "Sponsor")—leased the building's parking garage (the "Garage Lease"). That lease, entered into some months prior to the Relief Act's 1980 effective date, offered the Sponsor two lease renewal options, for successive ten-year periods: January 1, 1990 to December 31, 1999; and January 1, 2000 to December 31, 2009. The Sponsor exercised both renewal options after the Relief Act's effective date. However, on February 27, 2004—after the Sponsor's ownership of 605 Park Avenue fell below the 25% threshold specified in the Relief Act—the current owner of 605 Park Avenue, a cooperative corporation known as 605 Apartment Corporation (the "Cooperative"), purported to terminate the Garage Lease pursuant to the Relief Act.

The Sponsor thereafter initiated the current litigation in the Southern District of New York (Daniels, *J.*), arguing that because the Garage Lease was "entered into" prior to enactment of the Relief Act, the Cooperative could not terminate the Garage Lease under that Act. The Cooperative filed a counterclaim seeking a declara-

tory judgment that the Cooperative had properly terminated the Garage Lease, under the theory that the Sponsor's exercise of the second renewal option on November 21, 1996, brought the Garage Lease within the ambit of the Relief Act.

The parties cross moved for summary judgment, and the district court granted the Sponsor's summary judgment motion, but denied the Sponsor's request for attorneys' fees. We here review the district court's final judgment.

## II

■ The decisive issue presented is whether the renewal options in question constitute "portions" of the Garage Lease that were "entered into" after the Relied Act's effective date of October 8, 1980. "We review the district court's determinations on the parties' summary judgment motions de novo." *Field v. United States,* 381 F.3d 109, 110–11 (2d Cir.2004).

The Cooperative argues that the renewal options are temporally divisible "portions" of the Garage Lease. We need not consider this argument because, even assuming the validity of this contention, the Cooperative must still establish that those portions were "entered into" after October 8, 1980. *See* 15 U.S.C. § 3607(a) (the termination right applies only to contracts or portions thereof "entered into after the effective date of this title").

■ *Since the exercise of a lease renewal option does not create a new lease under New York law, *see* Dime Savs. Bank, FSB v. Montague St. Realty Assocs.,* 90 N.Y.2d 539, 543, 664 N.Y.S.2d 246, 686 N.E.2d 1340 (1997), and since the Garage Lease was executed before October 8, 1980, the plain language of the Relief Act dictates that the Garage Lease may not be terminated under that Act. Moreover, application of the Relief Act in the manner the Cooperative urges would implicate retroactivity concerns. *See Landgraf v. USI Film Prods.,* 511 U.S. 244, 269–70, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). The federal courts will apply a statute retroactively only where provided with a clear articulation of congressional intent, *see id.* at 264, 114 S.Ct. 1483—which is lacking here.

## III

■ The Sponsor cross appeals the district court's denial of the attorneys' fees request. "We review the district court's decision on an application for attorneys' fees, and the amount awarded, if any, for abuse of discretion." *Darnet Realty Assocs. LLC v. 136 E. 56th St. Owners, Inc.,* 214 F.3d 79, 87 (2d Cir.2000) (*"Darnet II "*).

■ The Relief Act provides that "[t]he amounts recoverable under this section may include ... reasonable attorneys' fees ... and court costs." 15 U.S.C. § 3611(d); *see also Darnet I,* 153 F.3d at 30 (district court may award a prevailing sponsor attorneys' fees where "it would be fair, just and equitable to award any such fees"). The district court denied the request for attorneys' fees, reasoning that: (i) the Sponsor retained possession of the garage; (ii) the terms of the lease were financially advantageous to the Sponsor; and (iii) the Cooperative raised a colorable claim. Indeed, the claim raised a plausible issue of first impression. The district court did not abuse its discretion.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.