19-326-cv
*Greer v. Mehiel*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty.

PRESENT:   DENNY CHIN,
                    RICHARD J. SULLIVAN,
                    WILLIAM J. NARDINI,
                              *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


STEVEN E. GREER, M.D.,
            *Plaintiff-Counter-Defendant-Appellant*,


                    -v-                                          19-326-cv

DENNIS MEHIEL, an individual, ROBERT
SERPICO, an individual, BATTERY PARK CITY
AUTHORITY, a New York State authority,
                    *Defendants-Appellees*,


HOWARD P. MILSTEIN, an individual, STEVEN
ROSSI, an individual, JANET MARTIN,
an individual, MILFORD MANAGEMENT, a New
York corporation, MARINERS COVE SITE B

ASSOCIATES, a New York corporation,

                          *Defendants-Counter-Claimants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-COUNTER-         STEVEN ERIC GREER, M.D., *pro se*, Port Saint
DEFENDANT-APPELLANT:           Lucie, Florida.

FOR DEFENDANTS-APPELLEES:      NOAM BIALE (Michael Tremonte and Michael
                                         W. Gibaldi, *on the brief*), Sher Tremonte LLP,
                                       New York, New York.

      Appeal from a judgment of the United States District Court for the

Southern District of New York (Nathan, *J.*, Cott, *M.J.*).

      **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

      Plaintiff-counter-defendant-appellant Steven E. Greer, proceeding *pro se*,

appeals the district court's orders granting in part defendants' motions to dismiss,

granting summary judgment in favor of defendants, and denying his motion for relief

from judgment pursuant to Federal Rule of Civil Procedure 60(b).  Greer sued the

Battery Park City Authority (the "BPCA"), two BPCA officials (the "BPCA Defendants"),

and several private individuals and corporations (the "Landlord Defendants"), claiming,

*inter alia*, that they conspired to deprive him of his First Amendment rights.

Specifically, Greer alleged that the Landlord Defendants and BPCA Defendants

conspired, because of posts he made about the BPCA on his website, to (1) not renew

2

his lease and evict him from his apartment and (2) ban him from public BPCA meetings. The district court granted in part the motions to dismiss, allowing Greer's First Amendment retaliation claim and First Amendment equal access claim to move forward but, as relevant here, dismissing his equal access claim as to defendant Robert Serpico and the retaliation and equal access claims as to defendant Dennis Mehiel. The district court later granted summary judgment to defendants and denied Greer's Rule 60(b) motion. After summary judgment, Greer and the Landlord Defendants entered into a stipulation of settlement; thus, this appeal concerns only the claims against the BPCA and BPCA Defendants. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.     *Dismissal*

We review *de novo* the dismissal of a complaint for failure to state a claim. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The district court must construe the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers*, 282 F.3d at 152.

The district court properly dismissed the retaliation claim against Mehiel and the equal access claim against both Serpico and Mehiel. "It is well settled that . . . to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Greer's second amended complaint did not allege any involvement by Serpico in the BPCA's decision to ban Greer from meetings and did not allege any involvement by Mehiel in either the decision not to renew his lease or the decision to ban him from the meetings. The complaint alleged that "[d]efendants" made those decisions without specifying which of the eight different defendants were involved. Appellant's Br. at 20. Such a vague reference did not sufficiently put the defendants on notice about the specific claims against each of them.

On appeal, Greer also argues that dismissal was improper because Mehiel later admitted during discovery that he had personally made the decision to ban Greer from the meetings. That later admission, however, does not affect the district court's decision on a motion to dismiss, which was properly based solely on the allegations in the complaint. To the extent Greer argues that the district court should have allowed Greer to amend the complaint based on that admission -- after the close of discovery and during briefing for summary judgment -- the district court did not abuse its discretion in finding that such a request for amendment was untimely. *See Grochowski*

4

*v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (denial of leave to amend is generally reviewed for abuse of discretion). "While generally leave to amend should be freely granted, it may be denied when there is a good reason to do so, such as futility, bad faith, or undue delay." *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (citation omitted). As the BPCA Defendants argue, they would have been prejudiced by such a late amendment because they had proceeded through discovery on the understanding that the equal access claim was against only the BPCA (and not Mehiel individually). *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (holding that the district court did not abuse its discretion in denying leave to amend where "discovery had closed, defendants had filed for summary judgment, and nearly two years had passed since the filing of the original complaint").

## II. *Summary Judgment*

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

5

## A. *Retaliation*

"To state a First Amendment retaliation claim, a plaintiff must show that: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by the plaintiff's exercise of that right; and (3) the defendant's actions caused the plaintiff some injury." *Ragbir v. Homan*, 923 F.3d 53, 66 (2d Cir. 2019) (internal quotation marks, brackets and citation omitted). Even where such a showing is made, however, "a defendant may be entitled to summary judgment if he can show dual motivation, *i.e.*, that even without the improper motivation the alleged retaliatory action would have occurred." *Scott v. Coughlin*, 344 F.3d 282, 287-88 (2d Cir. 2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). To succeed on this defense, the defendant bears the burden of showing that "it would have taken exactly the same action absent the improper motive." *Id.* at 288.

The district court did not err in granting summary judgment for defendants on Greer's First Amendment retaliation claim. The sole evidence in the record purportedly showing that an improper motive played any part in the decision not to renew Greer's lease came from the deposition testimony of two BPCA employees -- one who stated he believed that Serpico pressured Steven Rossi, a Landlord Defendant, to not renew Greer's lease after seeing Serpico "smirk[]" when directly asked if he had "anything to do with" the non-renewal, Dist. Ct. Dkt. No. 440-9 at 7, and another who stated that Serpico was angered by Greer's website and regularly

6

discussed that website at the BPCA office. Of course, even assuming Serpico "smirked" and regularly discussed Greer's website, that is hardly concrete evidence that Serpico and others sought to punish Greer for exercising his First Amendment rights, or that Serpico had the wherewithal to influence the Landlord Defendants into not renewing Greer's lease.

In contrast to this speculative testimony, the evidence that defendants would have "taken exactly the same action absent [an] improper motive," *Coughlin*, 344 F.3d at 288 -- *i.e.*, declined to renew Greer's lease regardless of his blog posts -- was overwhelming. The undisputed evidence showed that Greer was routinely 30 or even 60 days late with his rent payments. Greer's own emails and copies of rent checks showed he was late with his rent payments in at least eight months throughout 2012 and 2013. Although Greer adamantly disputed the evidence that showed his arrears, he did not present any evidence contradicting that evidence; instead, the emails he submitted (showing disputes about amounts owed) supported defendants' contention that he was frequently late in making payments. These emails also showed Greer repeatedly making excuses for his late payments, including that he "mistakenly" wrote a check from a recently closed account. Dist. Ct. Dkt. No. 381 Ex. 17. Indeed, defendants' evidence showed that by the time the eviction lawsuit against Greer commenced, he was $10,887 in arrears. Defendants further submitted competent evidence, in the form of Legal Action Status Reports, showing that they had taken "legal action" against

7

tenants who were behind in rent payments. Although Greer challenged that evidence, he did so only in a conclusory manner, and, despite the opportunity to conduct discovery, he did not identify any other tenant who was similarly in frequent arrears who was *not* subjected to legal action.

On this record, no reasonable juror could conclude that a "smirk[]" and office chit chat transformed what would otherwise have been routine landlord conduct -- declining to renew the lease of a tenant who repeatedly failed to make timely rent payments -- into First Amendment retaliation. *See Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001) ("Although all inferences must be drawn in favor of the nonmoving party, mere speculation and conjecture is insufficient to preclude the granting of [a summary judgment] motion.").[1] Accordingly, the dismissal of Greer's First Amendment retaliation claim is affirmed.

### B. Equal Access

The district court properly held that Greer's equal access claim against the BPCA failed as a matter of law. The BPCA is a "public benefit corporation" created by New York state law. *See In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 892 F.3d 108, 109-10 (2d Cir. 2018). It therefore can be held liable under § 1983 only if the

---

[1] Notably, in a related state court litigation concerning Greer's eviction, a state court ruled that Greer's apartment was unregulated and that, accordingly, the Landlord Defendants were under no obligation to renew Greer's lease. *See, e.g., Dime Sav. Bank of N.Y., FSB v. Montague St. Realty Assocs.*, 686 N.E.2d 1340, 1342 (N.Y. 1997).

8

alleged constitutional deprivation is the result of a "policy or custom." *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978)); *see also Dangler v. N.Y.C. Off Track Betting Corp.*, 193 F.3d 130, 142-43 (2d Cir. 1999) (applying *Monell* to claims against another public benefit corporation). To hold a governmental entity liable for a decision by a government official, the plaintiff must show that the official has "final policymaking authority" with respect to "the particular conduct challenged in the lawsuit." *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008). "Whether an official has final policymaking authority is a legal question, determined on the basis of state law." *Id.*

As the district court correctly determined, Greer failed to demonstrate a genuine issue of material fact as to whether Mehiel -- who made the decision to ban Greer from public BPCA meetings -- had final policymaking authority with respect to that ban. Although Greer correctly points to N.Y. Pub. Auth. Law § 1973(7) -- which provides that final policymaking authority *may* be delegated to an individual BPCA board member or officer -- Greer failed to present evidence that the BPCA in fact delegated such authority to Mehiel. Instead, the BPCA Defendants presented evidence that such final authority had not been delegated to Mehiel, as Mehiel affirmed that the BPCA board could have reviewed his decision (but chose not to). *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (plurality opinion) ("[W]hen a subordinate's decision is subject to review by the municipality's authorized policymakers, they have retained

9

the authority to measure the official's conduct for conformance with their policies." (emphasis omitted)).  Further, Greer's argument that Mehiel, as CEO, must have had final policymaking authority is unpersuasive; although CEOs may have such authority in typical private corporations, Greer provided no evidence that the CEO of the BPCA -- a public benefit corporation -- had such authority.  We therefore affirm the grant of summary judgment to the BPCA on this claim.

## III.  *Rule 60 Motion*

We review the denial of Rule 60(b) motions for abuse of discretion.  *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015).  "A district court is said to abuse its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. . . ."  *Id.* (internal quotation marks omitted).  Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'"  *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)).  Here, the district court did not abuse its discretion in finding that Greer failed to demonstrate "exceptional circumstances" warranting relief.  *Id*.

## IV.  *Discovery*

We review discovery rulings for abuse of discretion.  *DG Creditor Corp. v. Dabah,* 151 F.3d 75, 79 (2d Cir. 1998).  We likewise conclude that the magistrate judge and the district court did not abuse their discretion in their discovery rulings.

10

\*　　\*　　\*

We have considered Greer's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Courts