3604 Jerome LLC v NYC Health & Hosps. Corp. (2025 NY Slip Op 02864)

3604 Jerome LLC v NYC Health & Hosps. Corp.

2025 NY Slip Op 02864

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 809550/23|Appeal No. 4350-4351|Case No. 2024-00732, 2024-04400|

[*1]3604 Jerome LLC, Plaintiff-Appellant,
v
NYC Health & Hospitals Corp. et al., Defendants-Respondents.

Doyle & Broumand, LLP, Bronx (Michael B. Doyle of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Martin K. Rowe III of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danzinger, J.), entered January 11, 2024, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the breach of contract cause of action, except as to plaintiff's claim for the costs to repair and return the property to the condition that it was in at the time the parties entered into the lease, unanimously affirmed, without costs. Order, same court and Justice, entered June 26, 2024, which granted plaintiff-landlord's motion for reargument and renewal, and, upon reargument and renewal, adhered to the prior determination, unanimously affirmed, without costs.
The court properly dismissed plaintiff's claim premised on an alleged breach of the indemnity clause in the lease. On a CPLR 3211 motion, indemnity clauses must be strictly construed, and the courts may not read an obligation into an indemnity clause where none is plainly stated (see Tavarez v LIC Dev. Owner L.P., 217 AD3d 554, 555 [1st Dept 2023]). Here, the indemnity clause in article 23(A) of the lease states that defendant NYC Health & Hospitals Corp. (HHC) is only obligated to indemnify plaintiff as to "matters arising from or out of the use, or occupation of the Premises under this Lease by Tenant." The lease defines the premises as the "exterior space" located at "3604 Jerome Avenue, Bronx, New York 10467," and a diagram of the premises annexed as Exhibit A to the lease distinguishes the easement area, which is at issue in the underlying action, from the rest of the leased property. The lease does not reference by name the easement or state that it was included as part of the premises. Plaintiff does not dispute that including the easement as part of the premises would reflect a greater square footage than that recited in the lease. As the lease plainly shows, HHC was not obligated to indemnify plaintiff in litigation arising from use of the easement because the easement was not part of the premises covered by the lease.
To the extent plaintiff contends that HHC's initial acceptance of its tender to indemnify plaintiff in this matter created a new contract, the argument is unavailing. Contract formation must be supported by consideration (see Kasowitz, Benson, Torres & Friedman, LLP v Duane Reade, 98 AD3d 403, 404 [1st Dept 2012], affd 20 NY3d 1082 [2013]). Plaintiff identifies no separate consideration that would form the basis of a new contract, and HHC withdrew its acceptance of the tender only a few days later.
Plaintiff's breach of contract cause of action premised on HHC's early termination of the lease was also properly dismissed. HHC terminated the lease pursuant to an early termination clause in the lease. The early termination clause required that HHC be in possession of the premises for at least three years and provide plaintiff with written notice within 90 days of termination, both of which HHC satisfied. Contrary to plaintiff's contention, this lease provision remained extant after [*2]HHC exercised the renewal option of the lease. "Where the original lease includes an option to renew, the exercise of it by the tenant does not create a new lease; rather it is a prolongation of the original agreement for a further period" (Dime Sav. Bank of N.Y. v Montague St. Realty Assoc., 90 NY2d 539, 543 [1997]). Nothing in the parties' renewal of the lease indicates otherwise.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025