Ali Baba Hotel Corp. v Prose (2025 NY Slip Op 05451)

Ali Baba Hotel Corp. v Prose

2025 NY Slip Op 05451

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Webber, J.P., Mendez, Pitt-Burke, Higgitt, O'Neill Levy, JJ.

Index No. 150993/22|Appeal No. 4860-4861, 4862|Case No. 2024-04756, 2024-04778, 2024-06059|

[*1]Ali Baba Hotel Corp. Doing Business as Amsterdam Court Hotel, et al., Plaintiffs-Respondents,

v

Alexander Prose, Defendant-Appellant. Bella Mondoki Defendant.

Alexander M. Prose, appellant pro se.

Belkin • Burden • Goldman, LLP, New York (Scott F. Loffredo of counsel), for respondents.

Judgment, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 23, 2024, awarding plaintiff Ali Baba Hotel Corp., doing business as Amsterdam Court Hotel, a money judgment against defendant Alexander Prose, and bringing up for review an order, same court and Justice, entered July 9, 2024, which, insofar as appealed from, granted plaintiffs' motion for summary judgment on the first cause of action against Prose for breach of contract, denied Prose's motion for summary judgment dismissing the first cause of action, and ordered defendants to pay prospective use and occupancy pendente lite in the amount of $3,700 per month, unanimously affirmed, without costs. Appeal from aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Order, same court and Justice, entered on or about September 12, 2024, which granted plaintiffs' motion for an order of ejectment and judgment of possession, unanimously affirmed, without costs.

Plaintiffs' breach of contract claim arises from a surrender agreement, dated July 26, 2019, between plaintiff Ali Baba Hotel and Prose. Therein, Prose agreed to surrender the room he had occupied at the Amsterdam Court Hotel in exchange for "Owner [Ali Baba Hotel Corp d/b/a Amsterdam Court Hotel]" paying him $100,000. Prose also warranted that he "will not occupy any other unit affiliated with Owner." In moving for summary judgment, plaintiffs alleged that Prose breached the surrender agreement when, on October 19, 2021, he occupied a unit at the Marcel Hotel, owned by plaintiff East Side Inn LLC. Plaintiffs maintained that Ali Baba and East Side Inn share common ownership; therefore, the Marcel Hotel is "affiliated" with Ali Baba. Consequently, plaintiffs contended, Prose breached the surrender agreement when he occupied a unit at the Marcel Hotel.

Supreme Court correctly granted plaintiffs summary judgment on their breach of contract claim. The surrender agreement is unambiguous, and we give the terms of that agreement their ordinary meaning. Prose's argument that the Marcel Hotel is not "affiliated" with Ali Baba is unavailing. Plaintiffs established that the Marcel Hotel and Ali Baba are affiliates by virtue of overlapping ownership and common control (see Aetna Life Ins. Co. v ABS Props., Inc., 186 AD2d 448 [1st Dept 1992]; see also Ellington v EMI Music, Inc., 24 NY3d 239, 251 [2014] [Rivera, J., dissenting] ["As a general matter, an 'affiliate' is defined as a 'corporation that is related to another corporation by shareholdings or other means of control; a subsidiary, parent, or sibling corporation'"], quotingBlack's Law Dictionary [9th ed 2009]). Prose failed to raise a triable issue of fact as to whether the Marcel Hotel and Ali Baba shared ownership and common control.

Accordingly, Prose's remaining contentions regarding plaintiffs' first cause of action lack merit. The surrender agreement's occupancy prohibition is not limited to the Amsterdam Court Hotel; instead, this condition applies to "any other unit affiliated with" Ali Baba, which, as discussed, includes units at the Marcel Hotel. It is of no moment that East Side Inn (Marcel Hotel) was not a signatory to the surrender agreement.

The court correctly determined that defendants should make prospective payments to plaintiff East Side Inn for their use and occupancy of units at the Marcel Hotel and providently exercised its discretion in setting prospective pendente lite use and occupancy amount at $3,700 per month.

Prose fails to show that the court lacked the power to enforce the use and occupancy order based on his failure to comply. In the absence of a stay of enforcement of that order, Prose's failure to comply properly resulted in the court's contempt order resulting in his ejectment (see Park Terrace Gardens, Inc. v Penkovsky, 100 AD3d 577 [1st Dept 2012]; 61 W. 62nd Owners Corp. v Harkness Apt. Owners Corp., 202 AD2d 345, 346 [1st Dept 1994]).

We have considered Prose's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 7, 2025